28169. HURT v. THE STATE.

DECIDED APRIL 10, 1940. REHEARING DENIED JULY 20, 1940.

*J. Emmett Baird,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

GUERRY, J. The defendant was indicted at the March term, 1938, of the superior court of DeKalb County, in two counts, one of which charged burglary of the storehouse of the Wofford Oil Company. This indictment was No. 4599, and the burglary was alleged to have been committed March 7, 1938, the day the grand jury convened. On March 18, 1938, the defendant entered a demand for trial, which was allowed and entered on the minutes of the court on the same day. At the succeeding June term of court the following order was entered on the indictment: "The defendant having placed a demand for trial, and the State not having a material witness necessary to make out a case in the within indictment, and not having sufficient evidence to warrant a conviction, I therefore recommend to the court that the within indictment be nolprossed. This June 14th, 1938. Roy Leathers, Sol.-Gen." The court ordered the indictment to be nolprossed, and it was so entered, the defendant's counsel stating in open court at the time that he was relying on his demand. At the December term the grand jury returned another indictment against the defendant in two counts, alleging burglary of the storehouse of the Standard Oil Company and the Wofford Oil Company, and alleged that the date of the burglary was December 5, 1938. This indictment was No. 4711. At the March term, 1939, the grand jury returned another indict-

ment, No. 4753, against the defendant in one count, alleging burglary of a storehouse belonging to Frank G. Thomas on March 6, 1939. When the defendant was called to trial on this last indictment, he filed a motion to quash and a plea of autrefois acquit, in which he alleged that in each of the three indictments but one crime was alleged to have been committed, and that the date of that alleged crime was December 7, 1937, and that the entering of the nolle prosequi on the first indictment, No. 4599, was a bar to any further prosecution for the same crime charged therein. The evidence submitted to the court on this motion demanded a finding that only one crime was charged, which was on December 7, 1937, and that it was the same crime charged in each indictment. In the first two indictments, Nos. 4599 and 4711, the ownership of the alleged storehouse was laid in the second count in the Wofford Oil Company. In the last indictment, No. 4753, the ownership of the storehouse was laid in Frank G. Thomas. Thomas was the agent and representative of the Wofford Oil Company and in charge of the business at that place, and it was shown that the only burglary which had occurred at that place, irrespectively of owner-ship, within four years, was the burglary of December 7, 1937. After hearing the evidence on the motion and the plea, the court overruled and denied the plea, and forced the defendant to trial on this last indictment, No. 4753. He was convicted. The de-fendant preserved his exceptions to the order overruling and deny-ing his motion to quash and his plea of autrefois acquit, by excep-tions pendente lite, which are a part of the record.

Where a demand was entered, as in this case, at the March term, 1938, of DeKalb superior court, the defendant was entitled to a trial at that term or at the next succeeding June term, or else be discharged and acquitted of the crime charged in the indictment. *Durham* v. *State*, 9 *Ga.* 306 (2) ; *Brown* v. *State*, 85 *Ga.* 713 (2) (11 S. E. 831) ; Code, § 27-1901. This right to discharge could be asserted by a plea in bar, as in the present case. *Dublin* v. *State*, 126 *Ga.* 580 (55 S. E. 487). It is true that a defendant may not except to the entering of a nolle prosequi and the finding of a new indictment at the next succeeding term charging the same offense, provided he is tried on the new indictment at that term. *Jackson* v. *State*, 76 *Ga.* 551 (2). If, as alleged in the motion and plea, the crime charged in each indictment was the same crime,

880

the failure of the State to try the defendant at the June term after a demand had been entered at the March term, a jury having been present, entitled the defendant to a discharge; and upon such facts being shown, a subsequent indictment against him for the same crime would be barred. The evidence introduced on the hearing of the motion demanded a finding that the crime charged in indictment No. 4599, in the second count, was the same crime charged in indictment No. 4753. While in the indictment No. 4599 the storehouse alleged to have been burglarized was the storehouse of the Wofford Oil Company, and in the indictment No. 4753 the storehouse was alleged to have been the storehouse of Frank G. Thomas, it was shown by the uncontradicted evidence that Thomas was the manager and operator of the storehouse for the Wofford Oil Company, and that but one and the same burglary was charged in each indictment. A new indictment which changes the name of the owner of the house or the goods alleged to have been stolen does not make it a new offense if it is still the same larceny that is being charged. *Goode* v. *State,* 70 *Ga.* 752; *Knight* v. *State,* 73 *Ga.* 804; *Ingram* v. *State,* 124 *Ga.* 448 (52 S. E. 759). We think the court erred in overruling the motion to quash and the plea in bar.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*