### 76800. PEEK et al. v. THE STATE.
(377 SE2d 8)

McMurray, Presiding Judge.

On March 17, 1987, 13 individuals, the defendants in the case sub judice, were each charged by successively numbered accusations with the offense of theft by taking (unlawfully taking money which was the property of United Parking, Inc., with the intention of depriving the owner of said property, a misdemeanor). On May 19, 1987, each defendant filed a motion seeking an order of the state court allowing all motions filed by any of the 13 defendants to be adopted as motions and pleadings by and on behalf of all 13 defendants. The record fails to disclose any court order specifically allowing such adoption of all motions. Also, on May 19, 1987, defendant Peek (whose accusation was numerically the first of the sequence of 13 accusation numbers)

filed 18 additional motions and demands. Among the additional motions and demands filed by defendant Peek, under the number of the accusation filed against her, was a demand to be tried within the next succeeding term of court.

On November 2, 1987, each of the defendants filed a joint motion for acquittal predicated upon OCGA § 17-7-170 and the fact that they had not been brought to trial. (Three terms had passed since May 19, 1987—May-June, July-August, September-October, 1987.)

Following a hearing on defendants' motion to acquit, the state court found "that the thirteen Defendants [met] all the requirements of acquittal with one exception," but denied defendants' motion on the sole ground that the filing of nineteen (19) motions for each of thirteen (13) Defendants was an affirmative act which waived their right to a speedy trial." All 13 defendants appeal from the denial of their motions to acquit. *Held*:

In reaching its decision to deny defendants' motion to acquit the state court explicitly relied upon and apparently misread our decision in *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728). In *McNeil* we quoted from a previous case as follows: " '(B)y filing a motion to suppress, a defendant effectively consents to a delay of his trial pending final resolution of the issue of evidentiary admissibility, *if the motion is granted and the State elects to have that appellate determination made.* (Emphasis supplied.) *State v. Waters*, 170 Ga. App. 505, 508 (317 SE2d 614) (1984).' " *State v. McNeil*, 176 Ga. App. 323, 326, supra. We did not suggest in *McNeil* by the quoted language or any other statement in that case, that the filing by a defendant of pre-trial motions was a consent or other affirmative act amounting to waiver of a demand for trial in the next succeeding term of court under OCGA § 17-7-170. As the language emphasized in the quote indicates, our reference was limited to those circumstances where "the motion is granted and the State elects to have [an] appellate determination made." This principle is inapplicable to the case sub judice since no appeals have arisen from rulings adverse to the State made on defendants' motions and consequently there was no delay attributable to waiting for an appellate determination.

The state court's reliance upon *State v. McNeil*, 176 Ga. App. 323, supra, was misplaced. Nor do the facts and circumstances of the case sub judice reflect an affirmative act amounting to a waiver of OCGA § 17-7-170.

The prosecutor argues that the state court was correct in denying defendants' motions for acquittal since defendants failed to make a proper demand under OCGA § 17-7-170. This contention is predicated upon the fact that the other 12 defendants (defendant Peek having filed the specific motions and demands hereinbefore mentioned) filed only a "Motion to Adopt all Motions and Pleadings in

Companion Cases," which the prosecutor contends did not amount to the demand required by OCGA § 17-7-170.

"The purpose of [OCGA § 17-7-170] is to aid and implement both the common-law right to a speedy trial existing in Georgia since prior to 1861 and the provision of the State's constitution which declares that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. *Underhill v. State*, 129 Ga. App. 65 (198 SE2d 703); *Reid v. State*, 116 Ga. App. 640 (158 SE2d 461)." *Ferris v. State*, 172 Ga. App. 729, 730 (1) (324 SE2d 762).

The issue to be addressed is whether, within the contemplation of OCGA § 17-7-170 and relevant case law, any of the 13 defendants' pleadings were a sufficient demand to trigger the provisions of OCGA § 17-7-170 (b) and invoke the terminal sanctions of that subsection. OCGA § 17-7-170 (b) provides in pertinent part that "[i]f the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

In *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982) at 289, we held "that henceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of Code § 27-1901 [now OCGA § 17-7-170] unless it is presented for what it is—a demand to be tried within the next succeeding term of court."

Under the particular facts and circumstances of the case sub judice, we hold that defendant Peek's demand for speedy trial was sufficient to invoke the extreme sanction of acquittal as provided in OCGA § 17-7-170. Consequently, the trial court erred in denying defendant Peek's motion to acquit. In the pleadings filed by each of the other 12 defendants styled "Motion to Adopt All Motions and Pleadings in Companion Cases," each moved for a court order allowing such adoption of all motions filed in companion cases. The record fails to disclose any court order specifically allowing such adoption of all motions.

We further hold that in view of the numerous defendants and of the possibility of terminal sanctions resulting from the filing of a demand for trial and particularly in the absence of the permission of the trial court, by appropriate order, such "[Motions] to Adopt All Motions and Pleadings in Companion Cases" filed by each of the other 12 defendants (not including defendant Peek) were insufficient to invoke the extreme sanction of acquittal as to each of these 12 defendants. Although the trial court denied each of these 12 defendants' motion to acquit in reliance upon an apparent misreading of our decision in *State v. McNeil*, 176 Ga. App. 323, supra, the trial court did not err in the denial of each of these 12 defendants' motion to acquit.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1988 —
REHEARING DENIED DECEMBER 9, 1988 — 

*Louis K. Polonsky, Jane E. Strell,* for appellants.
*James L. Webb, Solicitor, Norman Miller, Carmen Smith, Assistant Solicitors,* for appellee.