A89A2328. JORDAN et al. v. THE STATE.
(390 SE2d 614)

SOGNIER, Judge.
Thirteen people were each charged by consecutively numbered accusations with misdemeanor theft from their common employer

during a seven-month period. Each filed a motion requesting that all motions filed by any of them be adopted as motions made by all. No written order was entered on the motions to adopt. In *Peek v. State*, 189 Ga. App. 584 (377 SE2d 8) (1988) this court addressed an appeal by the thirteen individuals from the trial court's denial of their motion for acquittal predicated on the State's failure to bring them to trial in the term within which their demands for trial pursuant to OCGA § 17-7-170 had been made or the next succeeding term.

The trial court had found " 'that the thirteen Defendants (met) all the requirements of acquittal with one exception,' but denied defendants' motion on the sole ground that the filing of nineteen . . . motions for each . . . was an affirmative act which waived their right to a speedy trial" pursuant to *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728) (1985). *Peek*, supra at 585. In *Peek*, this court found the trial court's reliance on *McNeil* erroneous, and reversed the trial court's denial of the plea in bar of prosecution made by Mary Peek, who was the defendant with the lowest numbered accusation, and on whose behalf a demand for trial pursuant to OCGA § 17-7-170 had been filed. As to the other twelve defendants, however, who had not filed separate demands for trial but had instead moved the court " 'to [a]dopt [a]ll [m]otions and [p]leadings in [c]ompanion [c]ases,' " *Peek*, supra at 586, this court held that "in view of the numerous defendants and of the possibility of terminal sanctions resulting from the filing of a demand for trial and particularly in the absence of the permission of the trial court, by appropriate order, [the remaining defendants' motions to adopt pleadings] were insufficient to invoke the extreme sanction of acquittal as to each of these 12 defendants. Although the trial court denied each of these 12 defendants' motion to acquit [solely] in reliance upon an apparent misreading of our decision in [*McNeil*], supra, the trial court did not err in the denial of each of these 12 defendants' motion to acquit." *Peek*, supra at 586.

Following the remittitur in *Peek*, the remaining defendants renewed their motions for acquittal, which the trial court denied. Nine of the remaining twelve individuals now appeal, contending the trial court erred by denying their renewed motions for acquittal. Appellants argue their renewed motions should have been granted because the record now shows that at a hearing on those motions the trial court agreed that it had always treated all thirteen individuals similarly, although only Peek had actually filed a proper demand for trial, and that failure to obtain an order granting appellants' motion to adopt Peek's demand for trial was, essentially, an oversight.

We agree with appellants that the record clearly shows that all the parties to this action intended to have the Peek motions apply to all, but that as the result of an unfortunate oversight no order was entered granting appellants' motions to adopt the Peek demand for

trial. However, the record as it existed when this court decided *Peek*, supra, indicated correctly that no such order had been entered, and that appellants had not filed demands for trial pursuant to OCGA § 17-7-170. The record in this appeal does nothing to negate that indication, notwithstanding the admission by the trial judge that it was his intention at all times to grant appellants' motion to adopt the Peek demand, because in fact this record indicates affirmatively that no such order was entered. We note that no contention is made here that the oversight was attributable solely to a clerical error by a court official. Compare *Klinetob v. State*, 194 Ga. App. 52 (389 SE2d 551) (1989).

"The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute. [Cit.]" *Head v. State*, 189 Ga. App. 111 (375 SE2d 46) (1988). Accord *Day v. State*, 187 Ga. App. 175, 176 (2) (369 SE2d 796) (1988); *Matthews v. State*, 181 Ga. App. 819, 820 (1) (354 SE2d 175) (1987). As appellants obviously did not comply with the statute, we are constrained to affirm the trial court's denial of appellants' renewed plea in bar of prosecution.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1990 —
REHEARING DENIED FEBRUARY 6, 1990 — 

*Louis K. Polonsky, Jane E. Strell*, for appellants.
*James L. Webb, Solicitor, R. Lee O'Brien, Helen A. Roan, Milton C. Barwick, Assistant Solicitors*, for appellee.