A90A0861. KNIGHT v. THE STATE.
A90A0862. WATSON v. THE STATE.
(398 SE2d 202)

CARLEY, Chief Judge.

The relevant facts in these companion appeals are as follows: In the September 1988 term of court, appellants were indicted separately for the offense of trafficking in cocaine. During that term of court, appellants filed and served demands for speedy trial pursuant to OCGA § 17-7-170. In the next succeeding March 1989 term of court, appellants were reindicted jointly for the offense of trafficking in cocaine and the original indictments were nolle prossed. On June 14, 1989, which was in the March 1989 term of court, the trial court entered an order "sending [the] case to trial calendar." However, appellants' counsel was thereafter granted a leave of absence and appellants were not brought to trial on the joint indictment until the September 1989 term of court. The case was tried before a jury and verdicts of guilty were returned. The trial court entered judgments of conviction and sentences on the jury's verdicts and appellants filed separate notices of appeal but similar enumerations of error. The two

cases are hereby consolidated for appellate disposition in this single opinion.

1. Appellants filed pleas in bar alleging the State's failure to have complied with their demands for speedy trial. The trial court's denial of those pleas is enumerated as error.

Citing *Hurt v. State*, 62 Ga. App. 878 (2) (10 SE2d 136) (1940), appellants urge that their pleas in bar should have been granted because the original indictments that were returned in the September 1988 term of court were subsequently nolle prossed in the March 1989 term. Appellants' reliance upon *Hurt* is misplaced. That decision does *not* stand for the proposition that a defendant who has filed a demand for a speedy trial in one term of court is automatically acquitted if the indictment is thereafter nolle prossed in the next succeeding term. *Hurt* merely holds that a subsequent nolle prosequi of an indictment does not otherwise obviate compliance by the State with the defendant's original demand that he be brought to trial on the underlying criminal charge no later than the next succeeding term of court. "The entry of an order of nolle prosequi in a case does not prevent a defendant as a matter of law from claiming the benefits of OCGA § 17-7-170. [Cit.]" *Ciprotti v. State*, 187 Ga. App. 61, 63 (2) (369 SE2d 337) (1988). It is the State's failure to try a defendant pursuant to his original demand for a speedy trial, not the subsequent entry of a nolle prosequi, that results in an automatic acquittal. It does not "matter that a demand for trial had been entered on the [subsequently nolle prossed] first indictment, provided [the defendant] was tried on it or on [a] new indictment, charging the same offense, at the term when the demand was made, or at the next succeeding term." *Jackson v. State*, 76 Ga. 551 (2) (1886). Accordingly, the only benefit that appellants can possibly derive from the subsequent nolle prosequi of the original indictments in the March 1989 term of court is that the State may not rely upon that subsequent nolle prosequi to justify its failure to have tried them for trafficking in cocaine no later than the end of that March 1989 term. *Hurt v. State*, supra.

In denying appellants' pleas in bar, the trial court did not erroneously hold that the State's nolle prosequi of the original indictments authorized the delay of appellants' trial until the September 1989 term of court. The trial court based its ruling on the finding that the leave of absence that had been requested by and granted to appellants' attorney after June 14, 1989, had the effect of preventing the trial from thereafter being conducted during the remainder of the March 1989 term of court and evidenced appellants' consent that the trial be continued until the ensuing September 1989 term. Appellants do not contest that the timing of their counsel's leave of absence was such as to prevent their trial from otherwise having been conducted

during the remainder of the March 1989 term of court. Compare *Birts v. State*, 192 Ga. App. 476 (385 SE2d 120) (1989); *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728) (1985). Instead, appellants rely only upon the erroneous contention that, under *Hurt v. State*, supra, the mere nolle prosequi of the original indictments during the March 1989 term resulted in their automatic acquittals before that term had ended. It follows that the trial court did not err in denying appellants' pleas in bar. "[T]he defendant may waive his right to . . . automatic discharge by some action on his part or on the part of his counsel, such as his own request for a continuance. . . . [Cit.]" *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324) (1975).

2. That the district attorney's aunt served on the grand jury which returned the joint indictment upon which appellants were tried states no viable ground for quashing that indictment. *Bolds v. State*, 195 Ga. App. 586 (394 SE2d 593) (1990).

3. It is immaterial to the validity of the joint indictment that it was returned prior to the State's nolle prosequi of the original separate indictments. *Irwin v. State*, 117 Ga. 706 (45 SE 48) (1903).

4. Appellant Watson moved to quash the joint indictment as against him, on the ground that it alleged that he "was present in Fayette County, Georgia, with an amount of controlled substances [when], in reality, [he] was not in Fayette County until after his arrest in Coweta County, Georgia." Obviously, this states no viable ground for quashing the indictment. See *State v. Holmes*, 142 Ga. App. 847, 849 (237 SE2d 406) (1977). The evidence adduced at trial showed that venue was proper in Fayette County. See *Hernandez v. State*, 182 Ga. App. 797, 798 (1) (357 SE2d 131) (1987).

5. After the first day of trial, a juror became ill and the trial court ordered a 48-hour postponement. During this period, an unrelated case was tried. When appellants' trial was recommenced, they filed a plea of double jeopardy. The trial court did not err in denying this plea. A postponement, like a continuance, is not a "termination" of the proceedings within the meaning of OCGA § 16-1-8 (a) where, as here, the trial is resumed before the same jury. See *Barner v. State*, 139 Ga. App. 50 (1) (227 SE2d 874) (1976).

6. Appellants enumerate as error the admission into evidence of certain testimony elicited from a State witness on re-direct examination. The record shows that, for the most part, the objections that were raised in the trial court to this witness' testimony are too general to present any question for appellate consideration. See *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987). The only objection that was arguably preserved concerns the relevancy of the witness' redirect testimony as rebuttal of any testimony he had given on cross-examination. This objection was properly overruled. *Kidd v. State*, 101 Ga. 528, 529 (4) (28 SE 990) (1897).

7. Appellants enumerate as error what they contend to be "conflicting instructions" in the trial court's jury charge. Appellants' argument in this regard rests upon the premise that subsections (A), (B) and (C) of OCGA § 16-13-31 (a) (1) establish three separate and distinct crimes of trafficking in cocaine. OCGA § 16-13-31 (a) (1) "requires possession of only '28 grams or more of cocaine or of any mixture with a purity of ten percent or more of cocaine' to be guilty of trafficking. [Cit.] Larger amounts by specified increment[s] [established by subsections (A), (B) and (C)] affect only the punishment. . . . [T]rafficking in cocaine requires only that the threshold amount [of 28 grams or more] be shown, after which the quantity possessed bears only on punishment." *Partridge v. State*, 187 Ga. App. 325, 327 (3) (370 SE2d 173) (1988). There was no error in the trial court's charge.

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED OCTOBER 15, 1990 — 

*Joseph J. Saia*, for appellants.
*W. Fletcher Sams, District Attorney, William H. Stevens, Assistant District Attorney*, for appellee.