## A91A0367. DANIELS v. THE STATE.
(405 SE2d 88)

ANDREWS, Judge.

Daniels appeals the denial of his motion for discharge and acquittal based on failure to comply with his speedy trial demand under OCGA § 17-7-170.

Daniels, a Florida resident, was indicted in April 1990 for one count of selling cocaine and one count of trafficking in cocaine. A co-defendant was also charged in these two counts and with one additional count of selling. Attorneys Cox and Calhoun asked the district attorney not to issue a warrant for defendant's arrest, but agreed that he would voluntarily appear for arraignment.

Defendant did not appear. Attorneys Cox and Calhoun filed their formal appearance in the case on May 30, 1990. An arrest warrant was issued for Daniels that day, but counsel again asked the district attorney not to forward the warrant to Florida for execution, agreeing that Daniels would voluntarily present himself to the court on June 4.

While the court's record did not reflect it, defendant contended that he filed a demand for speedy trial on May 31, 1990, the last day of the March term. His counsel so testified and the court determined the issue of discharge "pretermitting the issue of the filing of the motion." We will do likewise. The demand was one of several motions filed, including a *Brady* motion and a motion to suppress the results of electronic surveillance.

The four terms of court begin in December, March, June, and September. Thus, defendant was indicted in the March term, his demand filed the last day of that term, and he was arraigned upon his appearance in Georgia on June 4, during the June term. His motion for discharge and acquittal was filed in the September term.

The court denied the motion on the basis that defendant, at the time his demand for trial was made, was not present in Georgia to pursue the trial he demanded as required by OCGA § 17-7-170, making the demand ineffective until June 4, 1990, giving the State until the end of the September term to try him.

Defendant's sole enumeration alleges error in the following statement in the court's order denying his motion for discharge: "The court notes that before defendant can be tried under indictment for the crime charged, he must be arraigned or waive arraignment. *Hardwick v. State*, 231 Ga. 181 [(200 SE2d 728) (1973)]."

While that is a correct statement,[1] that language was not the ba-

---

[1] Defendant is correct that an accused can waive arraignment through his conduct or that of his counsel without being physically present in court, *Baskin v. State*, 137 Ga. App. 840, 841 (225 SE2d 77) (1976), but that does not mean his presence is not required for purposes of the speedy trial demand.

sis for the court's denial of the discharge and was mere dicta as far as the conclusion of the court that defendant's voluntary absence from Georgia when his demand was filed made the demand "ineffective" until his appearance in Georgia on June 4.[2]

"In order for a demand for trial pursuant to the provisions of OCGA § 17-7-170 to serve as the predicate for an absolute acquittal because of the failure of compliance therewith, it is necessary that the filing comply with the provisions of the statute *and* that the defendant be physically present in the court to pursue the trial he has demanded." *Luke v. State*, 180 Ga. App. 378, 379 (349 SE2d 391) (1986). Voluntary absence from the court amounts to a waiver of the demand for trial and defendant is not entitled to discharge and acquittal. *Holmes v. State*, 136 Ga. App. 572 (222 SE2d 121) (1975); *Flagg v. State*, 11 Ga. App. 37 (2) (74 SE 562) (1912).

There is no basis for reversal on the ground enumerated.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1991 —
REHEARING DENIED MARCH 28, 1991 — 

*John R. Calhoun, William O. Cox*, for appellant.
*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney*, for appellee.

---

[2] See in this regard *Kirk v. State*, 194 Ga. App. 801, 802 (392 SE2d 249) (1990).