A92A1199. THE STATE v. DANIELS.
(425 SE2d 366)

BEASLEY, Judge.

The State appeals pursuant to OCGA § 5-7-1 (1) from an order granting Daniels' motion for discharge and acquittal, following a plea of autrefois acquit for failure to comply with his OCGA § 17-7-170 demand for speedy trial.

This case began in April 1990 when appellee, a Florida resident, was indicted for selling cocaine on June 13, 1989 and trafficking in cocaine on June 14, 1989. This was during the March term of court. OCGA § 15-6-3. Rather than being subject to an arrest warrant and extradition proceedings, his counsel approached the district attorney who agreed to appellee's voluntary surrender. A bench warrant was thereafter issued Wednesday, May 30, apparently because the district attorney expected the surrender soon after the discussion. Defense counsel apparently intended surrender to be at arraignment or when- ever else the court required his appearance.

Appellee filed an OCGA § 17-7-170 demand for speedy trial on Thursday, May 31, 1990, which was the next to last day of the March term of court in which the indictment was filed. OCGA §§ 15-6-3; 15- 6-19. Juries were impaneled and qualified to try him at that time. OCGA § 17-7-170 (b). See *Kirk v. State*, 194 Ga. App. 801, 802 (392 SE2d 249) (1990). Although the case never appeared on the court cal- endar for any purpose, appellee appeared at his co-defendant's ar- raignment on June 4, surrendered to the bench warrant, and was ar- raigned. That was the first day of the June term. OCGA § 15-6-3.

On June 20, appellee was reindicted and charged with the same two original counts plus a third count of selling cocaine on June 7. He was arraigned and entered a plea of not guilty to the three-count in- dictment on August 20. Appellee's counsel testified at an evidentiary hearing on the motion to dismiss that, at arraignment, he orally

moved to adopt all motions filed previously in the case. He did not file a written motion for speedy trial after return of the June 20 indictment.

Appellee was not tried during the June term of court, which ended when the next term began on the first Monday of September. The June term was the next succeeding regular term following the term in which the demand was made. There were juries impaneled and qualified to try him during both the March and June terms. A motion for discharge and acquittal was filed in October (in the September term), based on the State's failure to comply with that demand. It was denied by the trial court and affirmed by this court in *Daniels v. State*, 199 Ga. App. 400 (405 SE2d 88) (1991). The basis was that a waiver of the demand occurred during a term when Daniels was not physically present but had voluntarily absented himself from the court and so waived his demand.

*State v. Collins*, 201 Ga. App. 500, 501 (411 SE2d 546) (1991), overruled *Daniels*, supra, holding that "OCGA § 17-7-170 is satisfied if a defendant is available for trial, whether physically present in court or not." Following *Collins*, appellee was called for trial on the new indictment and renewed his plea of autrefois acquit, which was granted.

1. The State contends that appellee waived his speedy trial demand when he failed to surrender to the jurisdiction of the court during the March term, "thereby effectuating a continuance from one term to the next by keeping himself unavailable for trial."

Although defense counsel agreed to have appellee present in court at any time the State wanted him, no proceedings of any kind were scheduled on the court calendar during the March term and no date was set for surrender. Nor did the State establish that appellee was unavailable. See *Collins*, supra. In fact, he was subject to appearance upon notice. There occurred no affirmative act on appellee's part which delayed trial during the March term or which passed the case to the subsequent term. See *Ciprotti v. State*, 190 Ga. App. 639, 641 (4) (379 SE2d 802) (1989). Compare *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984). He did nothing which conflicted with his demand or interfered with its fulfillment.

Appellee presented himself the first day of the June term but the State took no action to try him until after the period mandated by the demand. The delay was not occasioned by appellee's failure to appear. See *Ciprotti*, supra. Compare *Hardwick v. State*, 231 Ga. 181 (3) (200 SE2d 728) (1973).

Implicit in the trial court's order is a determination that appellee was available for trial under *Collins*, supra. That finding is supported by the evidence. The State did not carry its burden of establishing a waiver of his speedy trial demand. *Ciprotti*, supra at (3).

2. The State contends that appellee is nevertheless not entitled to discharge and acquittal because he failed to file a written demand after return of the second indictment.

Appellee filed his demand for trial after return of the first indictment and before the reindictment. Both indictments were identical regarding the offenses of selling cocaine on June 13, 1989 and trafficking in cocaine on June 14, 1989. The reindictment had the same effect as a nolle prosequi of the first indictment. "The entry of an order of nolle prosequi in a case does not prevent a defendant as a matter of law from claiming the benefits of OCGA § 17-7-170. [Cit.]" *Ciprotti v. State*, 187 Ga. App. 61, 63 (2) (369 SE2d 337) (1988). "It is the State's failure to try a defendant pursuant to his original demand for a speedy trial, not the subsequent entry of a nolle prosequi, that results in an automatic acquittal. It does not 'matter that a demand for trial had been entered on the (subsequently nolle prossed) first indictment, provided (the defendant) was tried on it or on (a) new indictment, charging the same offense, at the term when the demand was made, or at the next succeeding term.' [Cit.]" *Knight v. State*, 197 Ga. App. 250, 251 (1) (398 SE2d 202) (1990).

The speedy trial demand effective as to the first indictment, and adopted after reindictment, was effective as to the repeated charges in the second. *Hurt v. State*, 62 Ga. App. 878 (10 SE2d 136) (1940). Prosecution of those two offenses was barred. Compare *Jordan v. State*, 194 Ga. App. 415 (390 SE2d 614) (1990) (a motion for acquittal was properly denied where defendants had not filed a demand for trial nor had a written order been entered granting their motions to adopt the demand of a co-defendant).

However, "discharge and acquittal under the demand could only be operative as to the offence charged in the indictment which was . . . pending when the demand for trial was made." *Brown v. State*, 85 Ga. 713, 717 (3) (11 SE 831) (1890). Since no *new* speedy trial demand was filed after reindictment, the demand was ineffective as to the added count charging the sale of cocaine on June 7, 1989.

The district attorney conceded that the State knew of the events of June 7 at the time of the first indictment but did not charge appellee with that offense until receiving additional information tying him to that transaction. Appellee asserts that the State is therefore barred under OCGA § 16-1-7 (b) from prosecuting the new offense. "OCGA § 16-1-7 (b) presupposes that the defendant has been subjected to a previous prosecution. [Cit.] A 'prosecution' encompasses more than the mere return of an indictment. . . . For purposes of OCGA § 16-1-7 (b), as well as OCGA § 16-1-8, a defendant has been prosecuted on an indictment or accusation 'only after (he) has been initially placed in jeopardy. "A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment . . . , he has been ar-

raigned, has pled *and* a jury has been impaneled and sworn." (Cit.)' [Cit.]" *Cochran v. State*, 176 Ga. App. 58, 60 (335 SE2d 165) (1985). Appellee was never placed in jeopardy as to the first indictment; prosecution of the new offense is not barred under OCGA § 16-1-7 (b).

The order of the trial court granting appellee's motion for acquittal as to Count 1 is accordingly reversed; otherwise the order is affirmed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 10, 1992 —
RECONSIDERATIONS DENIED NOVEMBER 20, 1992 AND NOVEMBER 24, 1992 

*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney*, for appellant.
*John R. Calhoun, William O. Cox*, for appellee.