## A01A1194. BANKS v. THE STATE.

(554 SE2d 500)

RUFFIN, Judge.

Laura Ann Banks appeals the trial court's denial of her motion for discharge and acquittal on speedy trial grounds. For reasons that follow, we affirm in part and reverse in part.

On August 11, 1999, a Dougherty County grand jury indicted Banks on three counts arising out of a July 26, 1999 traffic accident in which a bicyclist was killed. Count 1 charged Banks with homicide by vehicle, alleging that she struck the cyclist with her vehicle while driving under the influence of alcohol and drugs to the extent that she was less safe to drive, in violation of OCGA § 40-6-391. Count 2 charged her with driving under the influence of alcohol and drugs to the extent she was less safe to drive, and Count 3 alleged that she failed to stop at or return to the scene of the accident. On September 21, 1999, Banks filed a motion demanding to be tried "at the current term of court or at the next succeeding regular term of court" and requesting a dismissal with prejudice should the State fail to do so.

In October 1999, Banks moved to suppress test results from a urine sample she provided while in custody. The trial court granted Banks' motion on November 4, 1999, and the State filed a notice of appeal that same day. Banks subsequently cross-appealed, challenging two other evidentiary rulings.

Also on November 4, 1999, the grand jury reindicted Banks. Count 1 of the second indictment again charged Banks with homicide by vehicle arising out of a violation of OCGA § 40-6-391, but alleged that she was under the influence of alcohol only. Similar to the first indictment, Counts 3 and 4 charged Banks with driving under the influence of alcohol (less safe) and failing to stop at or return to the scene of the accident. In addition, Count 2 of the second indictment contained a new homicide by vehicle charge, which asserted that Banks caused the cyclist's death by failing to stop at or return to the scene of the accident, in violation of OCGA § 40-6-270. After the grand jury returned this indictment, Banks did not file a new speedy trial request, electing instead to adopt her original speedy trial demand for purposes of the second indictment.

On November 12, 1999, Banks filed a motion for bond. In that motion, she specifically asked the trial court to release her on the condition that she immediately present herself to a local hospital, where her prescription medications for various illnesses could be regulated. The motion further provided:

Following hospitalization, it is the defendant's desire to enroll in an extended program of in-patient substance abuse rehabilitation, where she would remain until she has either

successfully completed a program of rehabilitation or until the call of this matter for trial or hearing by the court. The specific rehabilitation facility will be chosen while defendant is hospitalized. The identity of the facility and a description of its rehabilitation program will be presented to the court for approval before the defendant is released from the hospital.

The motion also noted that Banks was and had been ready for trial under either indictment.

The trial court granted Banks' request for bond. One week later, Banks informed the court that she would be released from the hospital the following day and moved to continue her bond so that she could enroll in "an extended residential program of substance abuse rehabilitation" in Clarkston. The motion provided that, if she finished the rehabilitation program "prior to the call of this case for trial, she [would] present herself to this court to determine whether she should remain free on bond and the conditions for continued bond." The trial court granted Banks' motion for continued bond.

Almost three months later, Banks reported that she would soon finish the residential rehabilitation program and moved to continue her bond so that she could take part in a nonresidential aftercare program at the rehabilitation facility. Although the record does not include an order on that motion, Banks apparently participated in the aftercare program. At Banks' request, the trial court further modified her bond conditions on August 31, 2000, permitting her to drive under certain circumstances.

On November 3, 2000, in an unreported opinion, this Court affirmed the evidentiary rulings on appeal, and the remittitur was filed in the superior court on November 6. On December 6, 2000, the grand jury returned a third indictment against Banks.[1] That indictment alleged the same four counts as the second indictment but, according to the State, corrected a technical flaw in the charges involving leaving the scene of an accident. At the State's request, the trial court decided that all motions filed with respect to the first two indictments would be "adopted and incorporated as a part of the record" under the third indictment.

On January 8, 2001, the first day of the January term,[2] Banks moved for acquittal and discharge, arguing that the State violated her speedy trial right by failing to try her within two terms after the

---

[1] The trial court entered a nolle prosequi as to the first indictment on November 6, 2000, and as to the second indictment on December 7, 2000.

[2] See OCGA § 15-6-3 (15).

remittitur from the Court of Appeals.[3] The trial court denied Banks' motion, finding that she waived her speedy trial demand in two ways. First, she filed a suppression motion, which, when granted, entitled the State to a direct appeal and delayed the trial. Second, she "petitioned the Court for the privilege of attending a long-term drug treatment facility, and was granted the right to do so 'until further order of the Court,' with the full understanding of all parties that participation in the program requested would require her attendance for a period of months." Banks appeals, arguing that the trial court erroneously found waiver.

1. Banks filed her demand for speedy trial shortly after the first indictment. She did not make a new demand after the second or third indictments, choosing instead to "adopt" her prior speedy trial motion. We have held that a "speedy trial demand effective as to the first indictment, and adopted after reindictment, [is] effective as to the repeated charges in the second."[4] The original demand, however, does not apply to new charges first appearing in the second indictment.[5]

The original three-count indictment charged Banks with vehicular homicide resulting from driving under the influence of alcohol and drugs (less safe) in violation of OCGA § 40-6-391; driving under the influence of alcohol and drugs (less safe); and failure to stop at or return to the scene of an accident. Counts 1, 3, and 4 of the second and third indictments repeat these charges, with slight revisions. For example, the second and third indictments omit any reference to drugs, alleging only that Banks was under the influence of alcohol to the extent she was less safe to drive.[6] The State also made several technical changes, such as specifying in the second and third indictments that Count 1 involved *first degree* vehicular homicide and including additional statutory language in the failure to stop charge.

Despite these changes, a plain reading of Counts 1, 3, and 4 of the second and third indictments shows that the crimes charged are the same as those alleged in the original three-count indictment returned against Banks. The September 21, 1999 speedy trial

---

[3] Banks also filed a motion for acquittal and discharge in January 2000, alleging that she was not tried under the second indictment within two terms of her September 21, 1999 speedy trial demand. We need not address the merit of that motion to reach our decision in this case.

[4] *State v. Daniels*, 206 Ga. App. 443, 445 (2) (425 SE2d 366) (1992).

[5] Id.

[6] According to the State, it deleted any reference to drugs because the trial court suppressed Banks' urinalysis results.

demand, therefore, was effective as to these repeated charges in the second and third indictments.[7]

2. Under OCGA § 17-7-170 (a), "[a]ny person against whom a true bill of indictment . . . is filed . . . may enter a demand for trial at the court term at which the indictment . . . is filed or at the next succeeding regular court term thereafter." If the person is not tried during the term of court "when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."[8]

Banks was initially indicted on August 11, 1999, in the July 1999 term of court.[9] She timely filed her speedy trial demand during the September 1999 term, the next succeeding regular court term, setting the stage for a trial before the end of the November 1999 term.[10] On November 4, 1999, however, the State appealed the trial court's order suppressing Banks' urinalysis results.

That appeal tolled Banks' speedy trial demand until the remittitur from the Court of Appeals was filed with the superior court.[11] At that point, "the [S]tate had to try [Banks] during the remainder of the term in which the remittitur [was] filed or the next regular court term provided there [were] juries impaneled and qualified to try [Banks]."[12] In other words, the two-term speedy trial period under OCGA § 17-7-170 commenced again following remittitur.[13]

The remittitur was filed on November 6, 2000, during the final week of the September 2000 term.[14] The record shows that jurors were present and available to serve following the remittitur. Jurors were also available for criminal trials the week of November 13, 2000, the first week of the November 2000 term. Nevertheless, Banks was not tried under the second or third indictment during the November 2000 term, the next regular court term following the term

---

[7] *Daniels*, supra. See also *Hurt v. State*, 62 Ga. App. 878, 880 (10 SE2d 136) (1940) ("A new indictment which changes the name of the owner of the house or the goods alleged to have been stolen does not make it a new offense if it is still the same larceny that is being charged.").

[8] OCGA § 17-7-170 (b).

[9] See OCGA § 15-6-3 (15).

[10] Id.

[11] See *Ballew v. State*, 211 Ga. App. 672, 673 (440 SE2d 76) (1994) ("Where the defendant files a motion to suppress, the motion is granted by the trial court, and the State elects to file a direct appeal . . . , the defendant is deemed to have consented to a delay in the trial of his case tolling the time requirements of OCGA § 17-7-170 pending final resolution of the issue [on appeal].").

[12] (Punctuation omitted.) *Pope v. State*, 265 Ga. 473, 474 (458 SE2d 115) (1995).

[13] Id. See also *Henry v. James*, 264 Ga. 527, 531 (1) (c) (449 SE2d 79) (1994) (after the filing of the remittitur, "the [speedy trial] demand [runs] again in its entirety in non-capital cases governed by OCGA § 17-7-170").

[14] See OCGA § 15-6-3 (15).

in which the remittitur was filed. The speedy trial period available after remittitur thus expired.[15]

The State argues that Banks is not entitled to acquittal under OCGA § 17-7-170 because she waived her speedy trial demand. The trial court agreed, concluding that waiver occurred when Banks filed her motion to suppress, which led to the State's appeal, and sought bond for long-term medical treatment. As noted above, however, the motion to suppress and subsequent appeal by the State merely tolled Banks' speedy trial demand until resolution of the appeal.[16] The issue thus becomes whether Banks waived her demand by obtaining bond to undergo medical treatment.

The State bears the burden of proving that Banks' actions constituted a waiver of her speedy trial demand.[17] Such waiver may result from "any act that shows [Banks] affirmatively consented to passing the case until a later term"[18] or " 'affirmatively sought to avoid trial.' "[19]

Nothing in Banks' initial motion for bond reveals an effort to avoid or delay the trial. On the contrary, her motion specifically stated that she was ready and available for trial, which she continued to demand. She also explained that, although she wanted to enroll in an extended inpatient rehabilitation program, she would, "at all times, be immediately available to the Court for trial."

Banks' subsequent motions to continue bond similarly evidence no desire to delay the trial. Through those motions, Banks simply kept the court informed of her treatment progress and asked for changes in bond conditions as she completed various phases of her rehabilitation. Indeed, she anticipated that trial might be set during her treatment, specifically promising in her first motion to continue bond to appear before the court for further proceedings on bail *if* she completed her inpatient rehabilitation program before her case went to trial.

The record shows that Banks sought long-term rehabilitation treatment, but only if it did not interfere with her speedy trial demand. We further note that by the time the remittitur from the

---

[15] The State could not extend the time for meeting Banks' speedy trial demand simply by indicting her on the same charges for a third time on December 6, 2000. See *Dalton v. State*, 263 Ga. 138, 140 (429 SE2d 89) (1993) ("[O]ur holding in this case does not create a new procedure under which the state can render a demand for speedy trial meaningless by seeking a new indictment in an attempt to extend the time in which the defendant's demand for speedy trial can be met."), disapproved in part on other grounds, *Rice v. State*, 264 Ga. 846, 847, n. 1 (452 SE2d 492) (1995).

[16] *Pope*, supra; *Ballew*, supra.

[17] *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001).

[18] Id.

[19] *Sykes v. State*, 236 Ga. App. 518, 520 (2) (511 SE2d 566) (1999); *Williams v. State*, 216 Ga. App. 109, 110 (1) (454 SE2d 142) (1995) (physical precedent only).

Court of Appeals was filed on November 6, 2000, Banks had completed her inpatient treatment and was living in a private residence. Under these circumstances, "[t]here [is] no evidence of a willingness to delay or an attempt to avoid trial."[20] Banks' motions for bond did not waive her speedy trial demand. Accordingly, the trial court erred in denying Banks' motion for acquittal and discharge as to Counts 1, 3, and 4 of the third indictment.[21]

3. The third indictment, however, includes a charge not incorporated in the original indictment. Like the second indictment, the third alleges in Count 2 that Banks committed first degree vehicular homicide through a violation of OCGA § 40-6-270, when she failed to stop at or return to the scene of the accident. A review of the various indictments shows that this charge was added when the State reindicted Banks, well after she filed her speedy trial demand.

"Since no *new* speedy trial demand was filed after reindictment, the demand was ineffective as to the added [vehicular homicide] count."[22] Thus, the trial court properly denied Banks' request for acquittal and discharge as to Count 2 of the third indictment.[23]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 13, 2001 —
RECONSIDERATION DENIED AUGUST 30, 2001 — 

*Donaldson, Bell & Pickett, George P. Donaldson III, Lewis R. Lamb,* for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Jennifer Johnson-Green, Assistant District Attorneys,* for appellee.

---

[20] *McKnight v. State,* 215 Ga. App. 899, 904-905 (3) (453 SE2d 38) (1994), aff'd, 265 Ga. 701 (462 SE2d 142) (1995).

[21] We find no merit in the State's claim that Banks waived her speedy trial demand by filing a notice of cross-appeal under OCGA § 5-7-1 (b). Banks made clear that she would withdraw the notice "in order to permit trial" if the State decided not to pursue its appeal. Furthermore, as noted above, the speedy trial period was *tolled* — not forever waived — "while the appellate court [had] jurisdiction of the appeal." *Henry,* supra at 530 (1) (c). Similarly, Banks did not waive her speedy trial demand by scheduling a hearing on her motion for acquittal and discharge during the third term of court following remittitur. She simply waited until the period authorized for trial after appeal had expired before asking the trial court to rule on her motion.

[22] (Emphasis in original.) *Daniels,* supra.

[23] Id. See also *Jordan v. State,* 194 Ga. App. 415, 417 (390 SE2d 614) (1990) (" 'The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute.' ").