A07A2441. THE STATE v. JONES.
(661 SE2d 573)

RUFFIN, Judge.

The State appeals the trial court's order granting Gene Jones's plea in bar based on procedural double jeopardy protections. For reasons that follow, we reverse.

"On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion."[1] Where the evidence is uncontroverted and witness credibility is not an issue, our review of the trial court's application of the law to the undisputed facts is de novo.[2]

The record shows that on July 19, 2006, the DeKalb Solicitor-General's office filed a two-count accusation against Jones arising out of a February 22, 2005 incident. The accusation charged him with (1) family violence battery for "intentionally causing substantial physical harm to Patricia Herbert," with whom he lived, by hitting her; and (2) cruelty to children in the third degree for intentionally allowing a child under 18 years of age to witness the family violence battery. On September 21, 2006, Jones filed a speedy trial demand.

The solicitor-general transferred the case to superior court, where Jones was indicted on October 12, 2006.[3] The indictment charged Jones with: in Count 1, aggravated battery by "maliciously caus[ing] bodily harm" to the victim by "depriving her of a member of her body, to wit: the orbital floor bone by rendering said bone around her eye useless"; in Count 2, aggravated assault by assaulting the victim "with his hands, objects which when used offensively against said person, were likely to result in serious bodily injury"; in Count 3, family violence battery; and in Count 4, cruelty to children. On February 16, 2007, Jones filed a motion for discharge and acquittal based on the State's violation of his speedy trial rights under OCGA § 17-7-170. Then, on March 7, 2007, he filed a "Plea in Bar Based on Double Jeopardy and Collateral Estoppel."

---

[1] *Atkinson v. State*, 263 Ga. App. 274, 276 (3) (587 SE2d 332) (2003).

[2] See *Davis v. State*, 287 Ga. App. 535 (652 SE2d 177) (2007).

[3] The solicitor-general entered an order of nolle prosequi for the state court charges on February 2, 2007.

At the hearing on Jones's plea in bar, the State conceded that it could not prosecute Jones for family violence battery and cruelty to children because the State failed to comply with Jones's speedy trial demand as to those charges. Following the hearing, the trial court granted Jones's plea in bar for discharge and acquittal on all counts alleged in the indictment.

On appeal, the State contends that the trial court erred in granting Jones's request for acquittal and discharge as to Counts 1 and 2, aggravated battery and aggravated assault. We agree.

Under OCGA § 17-7-170 (a), a person indicted for a noncapital offense "may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter." If the person is not tried during the term of court "when the demand [is made] or at the next succeeding regular court term thereafter, provided . . . at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."[4] This Code section further provides that the demand "shall be binding only in the court in which the demand for speedy trial is filed, except where the case is transferred from one court to another without a request from the defendant."[5]

Here, the State transferred this case to superior court without a request from Jones.[6] And the State failed to try him within the September 2006 court term — the term in which Jones filed his initial speedy trial demand — or the next regular term thereafter. Thus, "the speedy trial demand was binding in superior court."[7] And, as the trial court correctly ruled, it was binding as to Counts 3 and 4 of the indictment, as a "speedy trial demand effective as to the first indictment, and adopted after reindictment, [is] effective as to the repeated charges in the second."[8]

"The original demand, however, does not apply to new charges first appearing in the second indictment[,]"[9] as "discharge and acquittal under the demand could only be operative as to the offense charged in the indictment . . . pending[ ] when the demand for trial

---

[4] OCGA § 17-7-170 (b).

[5] OCGA § 17-7-170 (a).

[6] There is no suggestion in the record that Jones requested the transfer to superior court, and at the oral argument for Jones's plea, the State indicated that the solicitor-general made the decision to transfer after it reviewed the victim's medical records.

[7] *Sa v. State*, 274 Ga. App. 773, 775 (2) (618 SE2d 616) (2005).

[8] *State v. Daniels*, 206 Ga. App. 443, 445 (2) (425 SE2d 366) (1992).

[9] *Banks v. State*, 251 Ga. App. 421, 423 (1) (554 SE2d 500) (2001); *Sa*, supra; *Daniels*, supra.

was made."[10] Thus, Jones's speedy trial demand filed in state court was ineffective as to Counts 1 and 2, aggravated battery and aggravated assault.[11]

Jones argues that the State was barred under OCGA § 16-1-8 from prosecuting the new offenses.[12] But for purposes of

> OCGA § 16-1-8, a defendant has been prosecuted on an indictment or accusation only after he has been initially placed in jeopardy. A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled *and* a jury has been impaneled and sworn.[13]

Here, Jones was never placed in jeopardy as to the state court accusation, and therefore the State is not precluded from prosecuting the aggravated battery and aggravated assault charges.[14] Accordingly, we reverse the trial court's order granting Jones's plea in bar for discharge and acquittal as to those counts.[15]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 18, 2008 —
RECONSIDERATION DENIED APRIL 9, 2008 —

---

[10] *Brown v. State*, 85 Ga. 713, 717 (3) (11 SE 831) (1890).

[11] See *Sa*, supra; *Banks*, supra at 423-424; *Daniels*, supra. We note that although Jones filed a second speedy trial demand on February 27, 2007, it does not appear to have been timely filed, as he was indicted on October 12, 2006. See OCGA § 17-7-170 (a), supra; OCGA § 15-6-3 (37) (the Superior Court of DeKalb County has six two-month terms of court each year, with a new term beginning on the first Monday in January, March, May, July, September, and November); *Branton v. State*, 279 Ga. App. 300, 301 (630 SE2d 787) (2006).

[12] Under OCGA § 16-1-8 (b),
[a] prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution or unless the crime was not consummated when the former trial began; or (2) Was terminated improperly and the subsequent prosecution is for a crime of which the accused could have been convicted if the former prosecution had not been terminated improperly.

[13] (Punctuation omitted.) *Daniels*, supra at 445-446.

[14] See id.

[15] See *Sa*, supra; *Banks*, supra; *Daniels*, supra; see also *Baker v. State*, 270 Ga. App. 762, 766-767 (608 SE2d 38) (2004) (Ruffin, P. J., concurring specially).

*Gwendolyn Keyes Fleming, District Attorney, Tangela H. Barrie, Assistant District Attorney,* for appellant.
*Ross & Pines, Noah H. Pines,* for appellee.