677 S.E.2d 318 (2009)
In the Interest of C.E.H., a child.
No. A09A0345.
Court of Appeals of Georgia.
March 5, 2009.
Reconsideration Denied April 10, 2009.
*319 Kimberly A. Berry, Jimmonique R.S. Rodgers, Fort Gordon, for appellant.
Herbert E. Franklin, Jr., District Attorney, Leanna H. Stromberg, Assistant District Attorney, for appellee.
JOHNSON, Presiding Judge.
On September 22, 2007, a sheriff's deputy issued juvenile C.E.H. three Uniform Traffic Citations ("UTCs") for (a) failure to obey a traffic control device  red light, (b) driving under the influence of alcohol  under 21, and (c) reckless driving. According to OCGA § 15-11-73, juvenile traffic offenses, such as running a red light, are treated differently from more serious traffic offenses, such as driving under the influence of alcohol and reckless driving. The more serious traffic offenses are considered acts of delinquency.[1]
The Department of Juvenile Justice received all three UTCs from the sheriff's office as part of an intake evaluation.[2] A probation and parole specialist with the Department *320 of Juvenile Justice separated the juvenile traffic offense from the delinquent traffic offenses, attached the UTCs to complaint forms, and signed each form as the complaining witness. Each complaint had a UTC attached, and an incident report was included with the delinquent UTCs.
The Department of Juvenile Justice sent the juvenile traffic citation and complaint for the red light violation to the Walker County Juvenile Court Clerk to be filed on October 25, 2007. This traffic ticket and its accompanying complaint were assigned case number 146-07J-0858. Neither the complaint nor the citation for this traffic offense was forwarded to the district attorney's office, and neither the assistant district attorney for juvenile court ("ADA") nor any other office employee had notice of the complaint filed regarding the red light violation.
C.E.H. was summoned and appeared in juvenile traffic court with his parents on November 8, 2007. Neither the district attorney's office nor the Office of the Public Defender was given notice of the traffic court date, and neither knew about or was present at the November 8, 2007 proceeding. C.E.H. admitted to the traffic violation. The traffic court judge issued a warning to C.E.H., counseled C.E.H.'s parents, and dismissed the traffic citation.
On November 16, 2008, the Department of Juvenile Justice forwarded C.E.H.'s remaining two tickets, the incident report, the Intoxilyzer 5000 slip, and the complaint to the juvenile court. On November 30, 2007, the Walker County Juvenile Court Clerk filed these items and provided copies to the ADA and the Office of the Public Defender. This case was assigned case number 146-07J-0946.
Upon receiving the two delinquent traffic citations and accompanying complaint, the ADA prepared and filed a petition alleging two counts of driving under the influence and one count of reckless driving, and the court scheduled arraignment for the case. Prior to arraignment, the Office of the Public Defender filed a motion to acquit and plea of double jeopardy, alleging that under OCGA § 16-1-7(b) a second trial upon the same subject matter and same criminal occurrence would constitute double jeopardy. The juvenile court denied C.E.H.'s motion, finding that "the prosecutor did not have actual knowledge of the charges so that all of the charges could be handled in one prosecution." C.E.H. appeals. We find no error and affirm.
When reviewing the grant or denial of a double jeopardy plea in bar, we review the trial court's rulings as a whole to determine whether the trial court's findings support its conclusion.[3] If the evidence is uncontroverted and there is no issue of witness credibility, we review the trial court's application of the law to the undisputed facts de novo.[4]
OCGA § 16-1-7(b) states, "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." Here, there is no dispute that the charges arose from the same conduct and were within the jurisdiction of a single court. The only issue is whether the "proper prosecuting officer" knew about all the charges at the time of commencing the prosecution. On this issue, the ADA's lack of knowledge is likewise undisputed:
[U]ntil receiving copies of the documents on November 30, 2007, the District Attorney's office did not have a copy of any of the 3 citations, did not have a copy of the incident report referencing the 3 potential charges, did not receive a copy of any other document referencing the 3 potential charges, and had not received prior verbal notice of the 3 charges. The traffic case was resolved in Court on November 8, 2007 without the actual or imputed knowledge of the District Attorney's office.
However, C.E.H. contends that even though the ADA may not have known about all the charges, the probation and parole specialist with the Department of Juvenile Justice did *321 know about all the charges, and the trial court should have considered this knowledge in rendering its order. We disagree.
In Georgia, the standard for whether the proper prosecuting officer knows about all charges is whether the prosecutor has actual knowledge of all the charges; the Supreme Court has rejected a subjective knowledge test.[5] In Baker v. State, the Supreme Court dictated that only crimes "actually known to the prosecuting officer actually handling the proceedings" would be barred by double jeopardy.[6] The Court noted:
the adoption of this rule does not impose an unfair or inequitable burden on the defendant, since he can invoke the procedural protection of OCGA § 16-1-7(b) by the simple act of apprising the proper prosecuting officer of the existence of any crimes arising from the same conduct which are not actually known to that officer.[7]
And this Court has held that "a prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based."[8] Here, the ADA, and not the Department of Juvenile Justice probation and parole officer, signed the delinquency petition charging C.E.H. with driving under the influence and reckless driving.
In addition, it cannot be said that the Department of Juvenile Justice probation and parole officer initiated the prosecution of C.E.H. The fact that he signed the pre-printed complaint forms to facilitate the movement of the UTCs through the juvenile court system does not transform him into the proper prosecuting attorney. This officer is an employee of the Department of Juvenile Justice. He is not employed by the district attorney's office. Furthermore, there is no evidence that the probation and parole officer in this case was a member of the Georgia Bar; therefore, he does not qualify as an assistant district attorney or assistant solicitor-general under Georgia law.[9]
Contrary to C.E.H.'s argument, the proper prosecuting officer in this case was the ADA. We have consistently found that "the language of the statute clearly means the prosecuting attorney for the state; that is, the district attorney or his authorized assistants."[10] The trial court did not err in denying C.E.H.'s plea of former jeopardy.
Judgment affirmed.
ELLINGTON and MIKELL, JJ., concur.
NOTES
[1] See OCGA § 15-11-73(c).
[2] See Rule 4.2 of the Uniform Rules of Juvenile Court.
[3] See State v. Jones, 290 Ga.App. 879, 661 S.E.2d 573 (2008).
[4] Id.
[5] See Baker v. State, 257 Ga. 567, 568-569, 361 S.E.2d 808 (1987).
[6] (Punctuation omitted; emphasis in original.) Id. at 569, 361 S.E.2d 808.
[7] Id.
[8] Eady v. State, 10 Ga.App. 818(1), 74 S.E. 303 (1912).
[9] OCGA §§ 15-18-21; 15-18-72.
[10] Singer v. State, 156 Ga.App. 416, 418(2), 274 S.E.2d 612 (1980); see also Dodd v. State, 240 Ga.App. 48, 49, 522 S.E.2d 538 (1999) (the proper prosecuting officer is the prosecuting attorney for the state).