308 Ga. 310
FINAL COPY

S20A0058. GLENN v. THE STATE.

MELTON, Chief Justice.

Following a jury trial, Demarquis Antonio Glenn appeals his convictions for the murder of Quentieria Knight and possession of a firearm during the commission of a felony.[1] Glenn contends that the trial court abused its discretion when it denied his motion to suppress. For the reasons below, we affirm.

1. Viewed in the light most favorable to the verdict, the

---

[1] A Decatur County grand jury indicted Glenn on February 7, 2017, for crimes related to the shooting deaths of Knight and Marcus Bell. On August 15, 2017, Glenn was re-indicted. The second indictment brought the same charges as the first indictment, but expanded the date range for certain offenses. Prior to the start of his trial, the trial court severed the offenses involving Marcus Bell, and Glenn proceeded to trial solely on the counts of the indictment related to the death of Knight: Count 1 (malice murder), Count 2 (felony murder predicated on aggravated assault), Count 3 (aggravated assault), and Count 6 (possession of a firearm during the commission of a felony). The jury found Glenn guilty on all charges on February 14, 2018. For sentencing purposes, Count 3 merged with Count 1, and Count 2 was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). The trial court sentenced Glenn to life without parole plus five consecutive years. Glenn filed a motion for new trial on March 12, 2018, which the trial court denied on April 18, 2019. Glenn timely filed a notice of appeal to this Court. His appeal was docketed to the term of this Court beginning in December 2019 and submitted for a decision on the briefs.

evidence presented at trial shows the following. At 11:30 p.m. on April 28, 2016, Knight clocked out from her shift at the Elberta Crate and Box Company. A co-worker saw Knight give a ride to Glenn, who worked with Knight. Glenn got into the passenger side of Knight's white Chevrolet Cobalt carrying a drawstring bag. Knight never arrived home.

The next morning, Knight's vehicle was discovered, still running, parked on the side of the road. Knight, who had suffered multiple gunshot wounds to her face, neck, and hands, was dead in the driver's seat. The police obtained records from a GPS tracker installed in Knight's car. The tracker showed that, after Knight's vehicle left the Elberta Crate and Box Company, it traveled west on Highway 27, where it came to a stop at the intersection of Highway 27 and Zorn Road at 11:46 p.m. and did not move again. Video surveillance recordings from a nearby convenience store showed Glenn walking up to the store from the direction of Knight's vehicle at 11:53 p.m. Several minutes later, Glenn's cousin, Terrence Baker, pulled up to the convenience store. After hanging out at the store

for about ten minutes, Glenn and Baker got in Baker's car.  The recording showed Glenn wearing a black drawstring bag on his back as he entered Baker's car.  Baker then drove Glenn home.

Glenn and Baker were interviewed by the police on the afternoon of April 29, 2016.  After the interviews, police obtained a search warrant for Glenn's residence to look for the drawstring bag and any firearms or ammunition.  In the ensuing search, police found a Hi-Point 9mm pistol, along with 9mm ammunition.  Testing revealed that the bullets and casings recovered from the crime scene and from Knight's body had been fired by the gun recovered from Glenn's residence.  A firearms transaction report showed that Glenn purchased the pistol from a local pawn shop in 2014.

Although Glenn does not challenge the sufficiency of the evidence supporting his convictions, as is our practice in murder cases, we have reviewed the record and conclude that the evidence presented at trial was sufficient for the jury to find Glenn guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61

LE2d 560) (1979).

2. In his sole enumeration of error, Glenn argues that the trial court wrongly denied his motion to suppress because the affidavit submitted in support of the search warrant did not establish with reasonable probability that the contemplated evidence would be present at his home. A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Jordan v. State*, 303 Ga. 709, 712 (2) (814 SE2d 682) (2018). However, in this case, there is nothing to review, as the transcript of the motion hearing and the trial court's written order are not part of the appellate record. The motion to suppress was filed, argued, and ruled upon while the first indictment was in effect. Glenn filed his notice of appeal under the second indictment number. Thus, the appellate record only contains records related to the second indictment. Unless motions that were ruled upon under a previous indictment are renewed or incorporated into the operative indictment, they are not automatically part of the record. See, e.g., *Banks v. State*, 251 Ga. App. 421, 422 (554 SE2d 500) (2001) (at State's request, the trial court adopted and

incorporated prior motions from two previous indictments as part of the record for the third indictment). "It is the burden of the appellant to ensure that the record is complete, and when this is not done, there is nothing for the appellate court to review." (Citation and punctuation omitted.) *Johnson v. State*, 296 Ga. 504, 507 (3) (769 SE2d 87) (2015).

*Judgment affirmed. Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, Bethel, and Ellington, JJ., concur.*

DECIDED MARCH 13, 2020.
Murder. Decatur Superior Court. Before Judge Lanier.
*Patrick E. Chisholm*, for appellant.
*Joseph K. Mulholland, District Attorney, Moruf O. Oseni, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General*, for appellee.