A94A1197. JOHNSON v. THE STATE.
(447 SE2d 711)

BEASLEY, Presiding Judge.

On March 28, 1989, Johnson pled guilty to charges of aggravated assault on a police officer, OCGA § 16-5-21 (c); robbery, OCGA § 16-8-40 (a); escape, OCGA § 16-10-52 (a) (2); failure to carry driver's license, OCGA § 40-5-29; and operating a vehicle without a license plate, OCGA § 40-2-8 (b). Because there was no record showing he was informed of his right to appeal, he was granted leave to file an out-of-time appeal on January 4, 1994.

1. Johnson claims he was denied effective assistance of counsel in the trial court, a claim he makes for the first time on appeal. His appellate counsel did not represent him at trial or on motion for new trial. Ordinarily, this requires that the case be remanded to the trial court for an evidentiary hearing on the asserted errors. *Wright v. State*, 209 Ga. App. 128 (1) (433 SE2d 99) (1993). However, remand is not necessary when it appears as a matter of law that the appellant cannot satisfy the two-prong test to establish ineffectiveness of coun-

---

sel. It requires a showing that " '(1) his attorney's representation in specified instances fell below "an objective standard of reasonableness" *and* (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Cit.] (Cit.)' [Cit.]" *Brundage v. State*, 208 Ga. App. 58, 59 (2) (430 SE2d 173) (1993).

The contention is that trial counsel was deficient in allowing Johnson to plead guilty when he was psychologically unfit, in failing to pursue other medical evidence (presumably of his condition), and in failing to notify him of his right to appeal. He does not cite any portions of the record to substantiate these alleged deficiencies. See Court of Appeals Rule 15 (a) (1).

Trial counsel did move for, and obtain through court order, a psychological evaluation. It indicated that Johnson had the necessary communication skills to discuss his activities with an attorney, aid in his defense, and understand the consequences of pleading guilty. Johnson does not assert how, given the psychologist's evaluation, it was unreasonable for his attorney to allow him to plead guilty. Similarly he does not suggest that any other medical evidence may have produced a different result. *Brundage*, supra. Failure to advise of the right to appeal has been rectified.

2. Johnson also enumerates as error the failure of the trial court to ascertain on the record whether a factual basis existed for his guilty plea, in violation of USCR 33.9. See *Watt v. State*, 204 Ga. App. 839, 840 (420 SE2d 769) (1992). The purpose of the rule is to "ensure that the trial court is satisfied that a factual basis does exist for the plea." *Evans v. State*, 212 Ga. App. 805, 807 (443 SE2d 296) (1994). In this instance, the record demonstrates that the trial court was aware of the factual basis and satisfied that defendant had in fact committed the crimes of which he was charged. The court read the fact-specific indictment aloud. For each count there was a date, act, and, where pertinent, a victim named. Appellant confirmed that he understood the nature of these charges. The court asked defense counsel whether she had time to investigate the facts of the case and discuss them with Johnson, and whether she knew of any reason Johnson should not enter a guilty plea, which she did not. Although the details of what occurred so as to constitute the crimes were not articulated, which is the better practice, the court minimally made "such inquiry on the record as may satisfy [it] that there is a factual basis for the plea." USCR 33.9. Compare *Evans*, supra.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 12, 1994.

*Darrel L. Hopson*, for appellant.

*Robert E. Keller, District Attorney, Tom Woodward, Assistant District Attorney*, for appellee.