## S97A0165. WARE v. THE STATE.
(480 SE2d 599)

FLETCHER, Presiding Justice.

The Fulton County Public Defender was appointed in March 1995 to represent Kenneth Ware on a murder charge. He filed a pro se demand for a speedy trial in August 1995 and moved for acquittal a year later based on the state's failure to comply with his demand. On appeal, Ware contends that one attorney from the public defender's office was appointed to represent him at his bond hearing; a different attorney was appointed to represent him at trial; and he filed his pro se petition between appointments while unrepresented by counsel. Because Ware was represented by counsel at the time he filed his pro se demand, we conclude that it was not a viable demand and affirm.

1. This Court held in *Ryan v. Thomas*[1] that attorneys in a public defender's office should be treated as members of the same law firm in evaluating claims of ineffective assistance of counsel. In that case, one attorney from the Fulton County Public Defender's Office represented Ryan at trial; a second attorney from the same office filed the motion for new trial; and a third attorney represented Ryan on direct appeal. We granted Ryan's application for probable cause to determine whether he was procedurally barred from raising a claim of ineffective assistance of trial counsel in his petition for habeas corpus. Comparing a public defender's office to a law firm, we concluded that different attorneys from the same public defender's office were not "new" counsel for the purpose of raising an ineffective assistance claim and that their failure to assert the ineffectiveness of another member of their office did not bar Ryan from raising the claim in his habeas corpus petition.

Following that reasoning, we hold today that attorneys in a public defender's office are to be treated as members of a law firm in considering whether a defendant is represented by counsel. This holding means a defendant is not unrepresented merely because different attorneys from the same office represent him at different times and proceedings. We adopt this rule to prevent confusion, inconsistent defenses, and depletion of judicial resources.

[1] 261 Ga. 661 (409 SE2d 507) (1991).

2. A defendant who is represented by counsel does not have the right to independently conduct his own defense.[2] In March 1995, a superior court judge appointed the public defender's office to represent Ware under Uniform Superior Court Rule 29.2. That office remained counsel of record until relieved of its responsibility in March 1996. Therefore, the trial court correctly found that Ware was represented by counsel in August 1995 when he filed his pro se demand and was not entitled to acquittal based on an invalid demand for a speedy trial.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1997.

*Johnson, Prioleau & Lynch, Theodore Johnson,* for appellant.
*Lewis R. Slaton,* District Attorney, *Rebecca A. Keel, Kirby Clements, Jr.,* Assistant District Attorneys, for appellee.

---

[2] *Johnson v. State,* 266 Ga. 775, 779 (470 SE2d 637) (1996); *Reid v. State,* 235 Ga. 378, 381 (219 SE2d 740) (1975).