S97A1232. CHILDRESS v. THE STATE.
(489 SE2d 799)

BENHAM, Chief Justice.

Appellant Roddy Childress was convicted of committing two murders and sentenced to death in May 1994. The trial court denied appellant's motion for new trial; however, after finding the evidence was sufficient to authorize appellant's convictions, we reversed the judgment of conviction on two grounds: the trial court erroneously excluded testimony that a witness violated the rule of sequestration, and the trial court required Childress to provide the State with written reports of all experts he consulted. *Childress v. State,* 266 Ga. 425 (467 SE2d 865) (1996). Upon the return of the remittitur to the trial court, appellant filed a plea in bar, contending that the Double Jeop-

---

ardy Clause prohibited retrial since his constitutional right to due process was violated when the State failed to disclose to appellant's trial counsel the beneficial treatment a witness hoped to receive from the State in exchange for his testimony against appellant. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), and *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972).[1] Before us now is appellant's direct appeal from the trial court's denial of his plea in bar. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

1. Double jeopardy prohibits the retrial of a criminal defendant when the evidence presented at the initial trial was not sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. See *Dinning v. State*, 267 Ga. 879 (485 SE2d 464) (1997). That is not the situation in the case at bar since we previously determined that the evidence against appellant was sufficient to authorize the verdicts returned. *Childress v. State*, supra, 266 Ga. at 429. Double jeopardy also prohibits the retrial of a criminal defendant if "the prosecution engage[d] in intentional misconduct purposefully designed to secure an opportunity to retry the case." *Dinning v. State*, supra, 268 Ga. at 880. The inquiry here, then, is whether the prosecution engaged in such intentional misconduct when it allegedly failed to disclose to appellant's trial counsel the deal it purportedly had struck with the witness.

2. In the case before us, the trial court presided over a hearing on appellant's motion for new trial and permitted appellant's counsel to present the testimony of witnesses in an effort to establish the alleged *Brady/Giglio* violation. It was undisputed that a witness for the State had testified at appellant's trial about statements appellant had made while he and the witness were incarcerated. At the new trial hearing, appellant sought to show, by means of two incidents, that the witness had given his trial testimony with the hope of receiving a benefit from the State. First, there was testimony that the witness, who was facing probation revocation proceedings in Virginia due to criminal behavior committed in Georgia, was incarcerated in the county detention center while he awaited being called to testify at appellant's trial. While there, the witness called his common-law wife and had her call the assistant district attorney prosecuting appellant so that the witness could advise the attorney that the witness wished to remain separated from the general prison population during his stay at the detention center. The witness acknowl-

---

[1] Under *Giglio*, the prosecution has a duty to disclose to defense counsel any agreement, formal or informal, the prosecution has with a witness concerning criminal charges against that witness, and the failure to disclose such an agreement violates the due process requirements of *Brady v. Maryland*. *Owen v. State*, 265 Ga. 67 (2) (453 SE2d 728) (1995).

edged he had expressed his lodging concerns to the prosecuting attorney, but testified that he did not tell the attorney that his testimony against appellant was contingent upon his location in the detention center. The second incident upon which appellant focused at the hearing involved a letter the prosecuting attorney wrote after appellant's trial was concluded. It was shown at the hearing that the prosecuting attorney had written a letter to the Virginia judge presiding over the witness's probation revocation hearing detailing the importance of the witness's cooperation with the prosecution. The witness's common-law wife testified at the hearing that it was she, not the witness, who had requested the assistant district attorney to write the letter, and the witness testified that he had not asked his wife to contact the ADA about such a letter. The witness testified at the hearing that he had not expected to get "any kind of help at all" for his testimony against appellant. The assistant district attorney stood by his statement made at trial that he had no deal with the witness.

The trial court denied the motion for new trial, finding that there was no evidence that the prosecuting attorney had made a deal with the witness. Having reviewed the transcript of the post-trial hearing, we conclude that the trial court's finding was authorized. *Jolley v. State*, 254 Ga. 624 (5) (331 SE2d 516) (1985); *Owens v. State*, 251 Ga. 313, 315 (305 SE2d 102) (1983).[2] Since the prosecuting attorney did not violate the precepts of *Giglio* by failing to reveal the terms of a non-existent deal, the attorney did not engage in "intentional misconduct purposefully designed to secure an opportunity to retry the case." *Dinning v. State*, supra, 268 Ga. at 880. Consequently, the trial court did not err when it denied the plea in bar.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

Lane & Crowe, Robert L. Crowe, for appellant.
Stephen D. Kelley, District Attorney, John B. Johnson, Assistant District Attorney, Thurbert E. Baker, Attorney General, for appellee.

---

[2] In his direct appeal from his conviction, appellant contended that the evidence summarized above established a *Giglio/Brady* violation. We did not address the merits of appellant's contention; rather we determined either that the trial court's ruling was not error or that the error complained of was not likely to recur on retrial. *Childress v. State*, 266 Ga. at 438. In order to resolve the enumeration of errors raised in the current appeal, we have now expressly addressed the merits of appellant's *Giglio/Brady* contention.