## S01A1554. NANCE v. THE STATE.
(553 SE2d 794)

BENHAM, Justice.

Appellant Michael W. Nance was convicted of malice murder and a host of other crimes in 1997, and the jury recommended imposition of the death penalty. This Court affirmed appellant's convictions, but reversed the imposition of the death penalty on the ground that the trial court had erred when it failed to excuse a prospective juror for cause because her views in favor of capital punishment would prevent or substantially impair the performance of her duties as a juror. *Nance v. State*, 272 Ga. 217 (6) (526 SE2d 560) (2000). Because the evidence supported the jury's finding that the statutory aggravating circumstances existed, this Court concluded its opinion with the statement that "on retrial of the penalty phase, the State may again seek the death penalty. [Cit.]" Id. at 224. After the trial court entered judgment on the remittitur, appellant filed a motion to bar the State from seeking to retry him or from seeking to impose the death penalty. The trial court denied the motion, and appellant filed this direct appeal,[1] contending the trial court's denial of his motion was error. We affirm the trial court's decision.

> [T]he primary purpose underlying the Double Jeopardy Clause is to prohibit the retrial of a criminal defendant where the prosecution has, at the initial trial, produced insufficient evidence to sustain a conviction. [Cits.] The general rule is that the retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency. [Cits.] . . . [T]he Double Jeopardy Clause stands as a bar to retrial of the defendant . . . where the prosecutor has goaded the defense into making a motion for a mistrial in order for the prosecution to avoid reversal of the conviction because of prosecutorial or judicial error, or to otherwise obtain a more

---

[1] A direct appeal from the denial of a plea in bar is authorized by this Court's decision in *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). See *Childress v. State*, 268 Ga. 386 (489 SE2d 799) (1997).

favorable chance for a guilty verdict on retrial. [Cits.]

*Williams v. State*, 258 Ga. 305 (1) (369 SE2d 232) (1988). In addition, a retrial is barred when a criminal defendant's conviction is reversed due to intentional prosecutorial misconduct "purposefully designed to secure an opportunity to retry the case. . . ." *Dinning v. State*, 267 Ga. 879, 880 (485 SE2d 464) (1997).

Appellant's conviction was reversed due to trial error rather than evidentiary insufficiency, and the defense was not goaded into making a motion for mistrial. See *Nance v. State*, supra, 272 Ga. at 218, 224. Accordingly, the Double Jeopardy Clause will bar retrial of the penalty phase in the present case only if the reversal of the death sentence was due to intentional prosecutorial misconduct. Appellant suggests that the trial court's failure at the first trial to excuse for cause the juror whose presence on the jury was found to be reversible error was the result of the trial court being misled by the prosecuting attorney's vigorous objection to appellant's assertion that the juror should be excused for cause. The prosecuting attorney's argument in opposition to defense counsel's motion is not the intentional prosecutorial misconduct necessary to bar a retrial. See, e.g., *Childress v. State*, 268 Ga. 386 (2) (489 SE2d 799) (1997) (prosecuting attorney's failure to disclose the terms of a non-existent deal was not intentional prosecutorial misconduct). Furthermore, the record does not reflect that the prosecuting attorney's argument in favor of retaining the prospective juror was "purposefully designed to secure an opportunity to retry the case. . . ." *Dinning v. State*, supra, 267 Ga. at 880. Accordingly, appellant's constitutional protection against double jeopardy does not bar the retrial brought about by our reversal of the imposition of the death penalty. Id.; *Childress v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*Johnny R. Moore, Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Phil Wiley, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.