A03A0702. SPENCER v. THE STATE.
(577 SE2d 817)

JOHNSON, Presiding Judge.

Edward Spencer was arrested on October 6, 2001, on several charges arising out of a hit and run incident. He was formally indicted on November 27, 2001. On January 3, 2002, Spencer filed a "Waiver of Formal Arraignment, Entry of 'Not Guilty' Plea, and Demand for Jury Trial." This document included a demand for a speedy trial pursuant to OCGA § 17-7-170. On July 22, 2002, Spencer filed a motion for discharge and acquittal, contending the state had failed to comply with his demand for a speedy trial within the time

required by OCGA § 17-7-170 (b).[1] The trial court denied the motion, and Spencer appeals. Because Spencer waived his right to a speedy trial, we affirm the trial court's ruling.

The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance by the defendant with the statute.[2] In addition, a defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand.[3]

Here, Spencer's demand for trial fell within the 2001 November-December term of court ending January 4, 2002. However, it is undisputed that there were no jurors impaneled on January 3-4, 2002. In computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted.[4] Therefore, the 2002 January-February term of court was the first term of court for speedy trial purposes, and, under Spencer's demand for speedy trial, the case had to be tried by the end of the second term, which ended May 3, 2002.[5]

The record shows that on January 28, 2002, the parties entered into a proposed scheduling order which set forth discovery deadlines and requested that the case proceed to the pre-trial calendar next available after March 2002. On March 28, 2002, the case appeared on a pre-trial calendar. The parties entered into another proposed scheduling order which extended the discovery deadline for an additional 60 days. This discovery extension would have given the parties until May 28, 2002, to complete discovery, placing the case's trial date well past the May 3, 2002 deadline for a speedy trial. On April 11, 2002, the trial court entered an order allowing discovery to be extended for 60 days.

When the parties entered into the first proposed scheduling order on January 28, 2002, this order would still have placed the case within the second term of court and would not be considered a waiver of Spencer's right to a speedy trial. However, Spencer's affirmative act in agreeing to the March 28, 2002 proposed scheduling order, extending discovery for an additional 60 days and placing the case outside the second term of court, results in a waiver of his demand

---

[1] If a defendant who filed a demand for trial under OCGA § 17-7-170 (a) is not tried during the term in which the demand was filed or the next succeeding regular term of court, and jurors were impaneled and qualified to try the defendant in both terms, the defendant must be discharged and acquitted.

[2] See *Meservey v. State*, 230 Ga. App. 382, 384 (496 SE2d 518) (1998).

[3] *Jones v. State*, 250 Ga. App. 829, 830 (553 SE2d 24) (2001).

[4] See *Redstrom v. State*, 239 Ga. App. 769, 770 (521 SE2d 904) (1999).

[5] OCGA § 17-7-170.

for a speedy trial.[6] The trial court did not abuse its discretion in finding that Spencer, by consenting to the extension, waived his right to an automatic discharge under OCGA § 17-7-170.

Spencer claims that because he sent a letter to the trial court dated March 29, 2002, which stated that discovery could be completed in 30 days and which requested a trial date at the end of April, "if this can be accommodated," there was an implied retraction of his March 28, 2002 agreement with the state regarding the proposed scheduling order. However, the letter sent by Spencer's counsel was not a formal motion requesting that the March 28, 2002 proposed scheduling order be revoked. Moreover, on April 11, 2002, the trial court entered a scheduling order based on the March 28, 2002 proposed order, and Spencer never raised an objection to the order or formally sought to withdraw from the agreement. When a defendant undertakes to engage in pre-trial and trial scheduling agreements with the state and then complains about such agreements without ever raising the speedy trial issue or formally seeking to withdraw from the mutually determined scheduling deadlines, the defendant has waived his claim to a speedy trial.[7]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 30, 2003 —
RECONSIDERATION DENIED FEBRUARY 14, 2003 —

*Monte K. Davis*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.

---

[6] See *Vonslep v. State*, 253 Ga. App. 881, 882-883 (1), (2) (560 SE2d 752) (2002); *State v. Stewart*, 191 Ga. App. 35, 36 (381 SE2d 50) (1989).
[7] See generally *Fisher v. State*, 273 Ga. 721 (545 SE2d 895) (2001).