A03A1004. WELDON v. THE STATE.
(586 SE2d 452)

ANDREWS, Presiding Judge.

Following this Court's reversal of his conviction for sale of cocaine, possession of cocaine with intent to distribute, and obstruction or hindering of an officer in *Weldon v. State*, 247 Ga. App. 17 (543 SE2d 56) (2000), Weldon appeals the trial court's denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170 and the Constitutions of the United States and the State of Georgia. The motion was heard and denied on November 11, 2002, prior to jury selection of the new trial required by *Weldon*, supra.[1]

*Weldon*, supra, was issued on November 28, 2000. The remittitur was dated December 14, 2000, and received by the trial court on December 18, 2000.

At the hearing on Weldon's motion for discharge and acquittal, the following facts were either stipulated or demonstrated by testimony or court records: Weldon was arrested on May 30, 1997, and indicted on September 23, 1997. On October 3, 1997, at Weldon's

[1] Pursuant to *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002), Weldon has filed a direct appeal from the denial of his motion. But see *Callaway v. State*, 258 Ga. App. 118-121 (572 SE2d 751) (2002) (on remand); *Smith v. State*, 260 Ga. App. 403-405 (579 SE2d 829) (2003).

arraignment, Smith, the public defender, was appointed to represent Weldon by the recorder's court. On October 6, 1997, Smith filed a motion for discovery. Craft, one of the contract assistant public defenders, took over representation of Weldon during the rest of the pre-trial process and during the trial in April 1998. Craft was assisted by Investigator Klaus of the public defender's office. On October 9, Craft requested a sentence recommendation from the district attorney, and on October 23, the district attorney agreed to provide him with a copy of the search warrant. On October 30, 1997, Craft filed a motion seeking the identity of the informant and to "reveal the deal."

On November 5, 1997, Weldon filed his handwritten demand for trial. Although the signature line bore the handwritten notation "Public Defender, Attorney for Defendant," no attorney with the public defender assisted in the preparation and filing of this document. Also, the motion does not contain an affidavit of service on the district attorney.

After receipt of the remittitur in December 2000, by letter of May 23, 2002, the Department of Corrections notified the Muscogee County Sheriff, Clerk of Superior Court, and District Attorney that, although Weldon's 1998 conviction had been reversed, the Department of Corrections was retaining custody of Weldon due to other sentences he had received in Muscogee County. Weldon was released from the Department of Corrections' custody on September 4, 2002. He was returned to Muscogee County and his case was called for trial on November 11, 2002.

1. Weldon contends that the trial court erred in denying his OCGA § 17-7-170 motion. While acknowledging that he had the right either to counsel or to proceed pro se, but not to have "hybrid representation" without permission of the court,[2] Weldon argues that, because he did not know he was represented by the public defender's office, his pro se demand was effective.

Discharge and acquittal based on a demand is an extreme sanction that requires strict statutory compliance. *Spencer v. State*, 259 Ga. App. 664, 665 (577 SE2d 817) (2003); *Maddox v. State*, 218 Ga. App. 320, 321 (1) (461 SE2d 286) (1995).

The trial court rejected Weldon's argument that he was not represented, and Weldon has not demonstrated that such a finding was an abuse of discretion. Therefore, the pro se demand was a nullity. *Ware v. State*, 267 Ga. 510, 511 (2) (480 SE2d 599) (1997); *Maddox,* supra.

---

[2] *Hance v. Kemp*, 258 Ga. 649 (373 SE2d 184) (1988); *Cargill v. State*, 255 Ga. 616, 622 (340 SE2d 891) (1986).

There is also a second basis for finding the demand improper. OCGA § 17-7-170 (a) provides that "the demand for trial shall be served on the prosecutor. . . ." Here, no certificate of service is attached to Weldon's demand and therefore not even a prima facie showing of compliance with the statute regarding service was made. This alone was a sufficient basis for the trial court's denial of Weldon's motion. See *Williams v. State*, 258 Ga. App. 367, 368-370 (1) (574 SE2d 416) (2002); *Leimbach v. State*, 251 Ga. App. 589 (554 SE2d 771) (2001).

2. Weldon also contends that the trial court erred in denying his motion for discharge and acquittal based on his constitutional rights to a speedy trial.

> In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant. As to the prejudice factor, there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.

(Citations and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 731-732 (1) (438 SE2d 626) (1994).

This balancing test also applies when considering alleged State constitutional speedy trial violations. *Boseman*, supra; accord *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).

"The trial court's decision with regard to such motion will not be reversed unless an abuse of discretion is shown." (Footnote omitted.) *Callaway v. State*, 258 Ga. App. 118, 121 (572 SE2d 751) (2002); see *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994); *Williams v. State*, 260 Ga. App. 290, 291 (581 SE2d 326) (2003).

(a) *Length of Delay*. Weldon contended and the trial court agreed that the 23-month delay between receipt of the remittitur and the call of his case for trial on November 11, 2002, was presumptively

prejudicial and required inquiry into the other factors. See *Coney v. State*, 259 Ga. App. 525, 526 (578 SE2d 193) (2003).

(b) *Reason for Delay.* Here, Weldon was in the custody of the Department of Corrections serving other sentences during a large portion of the delay. The trial court concluded that he was in the State's custody, but noted that nothing indicated that the State intentionally dragged its feet in an effort to impair Weldon's defense. "Therefore, although the delay attributable to the State is a negative factor, it is relatively benign. [Cit.]" *Johnson*, supra at 418 (2). *Coney*, supra at 526.

(c) *Defendant's Assertion of His Right to Speedy Trial.* Although not sufficient to invoke the provisions of OCGA § 17-7-170, the trial court treated Weldon's pro se demand as the timely assertion of his right to a speedy trial under constitutional provisions.

(d) *Prejudice to Defendant.*

> In evaluating the final factor from *Barker v. Wingo* — prejudice to the defendant — , . . . we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired. (Cit.) *Nelloms v. State*, 274 Ga. [179,] 181 [(549 SE2d 381) (2001)].

*Williams v. State*, 260 Ga. App. at 293.

(i) *Oppressive Pretrial Incarceration.* As discussed above, all but a couple of months of the time Weldon was incarcerated before trial on these charges was attributable to service of other sentences in the custody of the Department of Corrections. Weldon has not shown any specific evidence of prejudice regarding this factor.

(ii) *Anxiety and Concern of Defendant.* No evidence was presented below regarding this factor.

(iii) *Impairment of Defense.* "As to the matter of prejudice, we weigh this factor most heavily in determining whether a defendant's constitutional rights have been violated. [Cit.]" *Jernigan v. State*, 239 Ga. App. 65, 67 (517 SE2d 370) (1999).[3] Here, Weldon presented no evidence that any of his witnesses who testified at the first trial were unavailable, only that memories might deteriorate. The only evidence of prejudice was the fact that the confidential informant, the primary witness *against* Weldon, was not available. This is insufficient. *Callaway v. State*, 258 Ga. App. at 123.

---

[3] As noted in *Callaway v. State*, 258 Ga. App. at 119-120, any consideration of prejudice made pretrial, as here, is "at best speculative." This is particularly true because "it has been recognized that 'delay' is a very real defense strategy." (Footnote omitted.) Id. at 120.

Balancing the factors required by *Barker v. Wingo*, we find no manifest abuse of discretion in the trial court's determination that the State did not violate Weldon's federal and State constitutional rights to a speedy trial. There was no error.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED AUGUST 18, 2003.

*Robert L. Wadkins*, for appellant.

*J. Gray Conger, District Attorney, Stacey S. Jackson, Assistant District Attorney*, for appellee.