## A04A2264. BAKER v. THE STATE.
### (608 SE2d 38)

ELDRIDGE, Judge.

Darryl Baker stands charged in the Superior Court of Athens-Clarke County with one count of rape, OCGA § 16-6-1. He appeals the superior court's denial of his motion autrefois[1] convict and plea of former jeopardy, through new counsel on appeal contending: (1) that his speedy trial demand in the State Court of Clarke County upon two misdemeanor sexual battery counts was sufficient to trigger the sanction of discharge and acquittal in the superior court case for trial counsel's failure to serve his demand upon the trial judge as required under OCGA § 17-7-170 (a); or, in the alternative, (2) that he is entitled to dismissal for trial counsel's ineffectiveness in failing to comply with such requirement for service, this denying him his constitutional right to a speedy trial and subjecting him to double jeopardy upon the prosecution of the rape charge against him in superior court. Finding no error, we affirm.

"Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts. *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994)." *Summers v. State,* 263 Ga. App. 338 (587 SE2d 768) (2003).

The following facts are undisputed in the record. Baker was arrested on two warrants for sexual battery on April 28, 2003, alleging that he "did knowingly and intentionally make physical contact with the intimate parts of the [victim's] body." A DNA sample from the victim was sent to the State Crime Laboratory for analysis. On June 11, 2003, Baker's attorney filed a demand for speedy trial, duly serving the solicitor-general but not the trial judge. One week later, Baker was brought before the state court to be arraigned on the two-count accusation filed on the sexual battery charges, one alleging improper contact with his victim's breasts and the other with her genital area. At the arraignment, however, the State requested a continuance, and over Baker's objection, the matter was continued to August 22, 2003. Although Baker sought to enter blind guilty pleas to

---

[1] "Formerly convicted." Black's Law Dictionary (6th ed. 1990), p. 134.

the sexual battery charges under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), the state court refused to take his pleas absent the results of DNA analysis and again continued the arraignment.

On October 25, 2003, the solicitor-general e-mailed the State Crime Laboratory requesting that DNA analysis in the case be completed, noting that a demand for a speedy trial had been filed. On or about November 6, 2003, the solicitor-general learned that DNA analysis was complete; a warrant for Baker's arrest on the charge of rape was issued on November 6, 2003; and on November 7, 2003, the state court consented to the solicitor-general's entry of a nolle prosequi in the state court case in light of the arrest warrant for rape which had issued. On November 24, 2003, Baker requested a preliminary hearing thereon in the Athens-Clarke County Magistrate Court. A week later, the magistrate court bound the case over to the superior court, and on January 21, 2004, the grand jury returned an indictment charging Baker with a single count of rape.

The record shows that the defendant has been continuously in custody since his initial arrest in April 2003. There also is evidence that jurors were impaneled and qualified to try cases in the state court during its May 2003 and August 2003 terms of court. The state court's November term of court began on the second Monday of November, November 10, 2003. *Held*:

1. Baker contends that the superior court erred in denying his OCGA § 17-7-170 motion, arguing that service upon the State, but not the trial judge, constituted a sufficient compliance with the statute where, as here, the trial judge to whom the case assigned was nonetheless aware that his speedy trial motion had been served upon the State.

OCGA § 17-7-170 pertinently provides:

> (a) Any person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting that person's life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, he or she may at any subsequent court term thereafter demand a trial. In either case, the demand for trial shall be . . . served upon the prosecutor *and* upon the judge to whom the case is assigned. . . .

> (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled

and qualified to try the person, the person shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

(Emphasis supplied.)

Baker correctly points to OCGA § 1-3-1 (c) for the proposition that "[a] substantial compliance with any statutory requirement . . . shall be deemed and held sufficient. . . ." Clearly, however, one does not substantially comply with the provisions of OCGA § 17-7-170 (a) by failing to serve his or her speedy trial demand upon the assigned trial judge, this as adhering to only half of the statutory requirement for service of such a demand and negatively impacting the case management function of trial courts. "Discharge and acquittal [under OCGA § 17-7-170 (b)] based on a demand is an extreme sanction that requires strict statutory compliance. *Spencer v. State*, 259 Ga. App. 664, 665 (577 SE2d 817) (2003); *Maddox v. State*, 218 Ga. App. 320, 321 (1) (461 SE2d 286) (1995)." *Weldon v. State*, 262 Ga. App. 782, 783 (1) (586 SE2d 452) (2003). Because Baker did not strictly comply with the demand statute in the state court, he made no demand for speedy trial therein. No such demand having been made, the superior court did not err in denying Baker's motion autrefois convict and plea of former jeopardy on this account.

2. Neither do we find ineffectiveness of trial counsel impinging upon Baker's constitutional rights to a speedy trial and against double jeopardy in these circumstances.

To establish a claim of ineffectiveness, it is the defendant's burden to show that trial counsel's performance was deficient *and* that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). When, as here, the appeal constitutes the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is raised for the first time on appeal, we typically remand the case to the trial court for an evidentiary hearing on the issue. See *Elliott v. State*, 230 Ga. App. 855, 858 (4) (c) (497 SE2d 817) (1998); *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990). "[R]emand[, however,] is not necessary when it appears as a matter of law that the appellant cannot satisfy the two-prong test to establish ineffectiveness of counsel." *Johnson v. State*, 214 Ga. App. 404 (1) (447 SE2d 711) (1994). This is such a case.

Because deficient performance in trial counsel obtains in this case, Division 1, supra, we analyze under *Strickland*'s second prong to determine whether Baker's ineffectiveness claim has merit for the presence of prejudice. In this regard, generally where postaccusation delay approaches one year, pretrial delay is deemed presumptively

prejudicial.[2] Absent such a showing, there is no more than ordinary pretrial delay as to which a claim for the denial of the constitutional right to a speedy trial does not lie. "[B]y definition, [one] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 120 LE2d 520) (1992). Where the accused shows that the presumptive prejudice threshold is met, further testing for prejudice under the balancing test of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972),[3] is triggered. *Doggett v. United States*, supra.

The record reflects that postaccusation delay in the state court case approximated six and a half months; that such delay was attributable principally to the wait for DNA analysis; that the results of such analysis might have been beneficial to Baker's defense; and that the delay was not the result of bad faith in the State. Under these circumstances, presumptive prejudice does not lie, foreclosing the need for further analysis for prejudice under *Barker. Doggett v. United States*, supra; compare *Weldon v. State*, supra (*Barker* analysis upon 23-month postaccusation delay). While the superior court concluded that there had been no violation of Baker's constitutional right to a speedy trial upon *Barker* analysis, a judgment right for any reason will be affirmed on appeal. *Fincher v. State*, 276 Ga. 480, 481 (2) (578 SE2d 102) (2003). In any event, the superior court's analysis under *Barker* as supported by evidence of record, the state court did not abuse its discretion in finding that Baker's constitutional right to a speedy trial had not been violated. See *Weldon v. State*, supra (trial court's decision as to the denial of the constitutional right to a speedy trial will not be reversed on appeal absent an abuse of discretion).

Further, that the superior court correctly ruled that Baker was not acquitted of the sexual battery offenses by operation of law, Division 1, supra, the superior court did not err in declining to reach Baker's claim that the instant rape prosecution was barred under

---

[2] " '[P]resumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992).

[3] In *Barker*, the Supreme Court of the United States recognized the relevance of four independent inquiries in assessing the character of pretrial delay as ordinary or prejudicial: (a) the length of the delay as inordinate, (b) whether the delay is more attributable to the government than the criminal defendant, (c) whether the defendant's assertion of his right is timely, and (d) whether prejudice to the defendant resulted. *Doggett v. United States*, supra at 651-652; *Weldon v. State*, 262 Ga. App. 782, 784 (2) (586 SE2d 452) (2003). Whether there is prejudice is determined upon the interests which the speedy trial right protects: "(a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired. [Cit.]" *Weldon v. State*, supra.

double jeopardy principles,[4] the same transaction underlying the second sexual battery accusation against him in state court, i.e., sexual battery by touching the genital area of his victim, as was the basis for the charge of rape.

Baker having not established a violation of his constitutional rights to a speedy trial and against double jeopardy, he has not met his burden under *Strickland* to show prejudice. It follows that Baker's ineffectiveness claim must, and does, fail before this Court.

*Judgment affirmed. Adams, J., concurs. Ruffin, P. J., concurs specially.*

RUFFIN, Presiding Judge, concurring specially.

Although I agree with the result reached by the majority, I write separately to clarify the facts and to explain what I believe to be the appropriate analysis for the ineffective assistance claim.

The record shows that Baker was alleged to have taken advantage of a young woman while she was incapacitated. Apparently, Baker admitted to viewing the victim's breasts and genitals while the victim was unconscious. Police also suspected Baker of rape, and a rape kit test was performed on the victim. Before the DNA results were obtained, Baker was charged, by accusation, with two misdemeanor counts of sexual battery. After the State obtained the results of the DNA testing, Baker was indicted for rape, and the trial court entered an order of nolle prosequi on the prior accusation.

On June 11, 2003, before the indictment was returned, Baker filed a speedy trial demand under OCGA § 17-7-170. Thus the demand pertains only to the two misdemeanor charges. Baker was not timely tried for sexual battery, and he filed his motion in autrefois convict and plea of former jeopardy. Baker argued that he was entitled to acquittal as a matter of law under OCGA § 17-7-170 (b), which provides that if a defendant who has filed a demand is not tried within two terms, "[he] shall be absolutely discharged and acquitted of the offense charged." Baker further argued that, if he was acquitted of the sexual battery charges, double jeopardy would bar his prosecution for rape.

Following a hearing, the trial court concluded that Baker's failure to serve the judge with the demand precluded his acquittal under OCGA § 17-7-170 (b). To the extent Baker's demand for speedy trial was premised upon constitutional grounds, the trial court found

---

[4] Baker correctly argues that "[f]or double jeopardy purposes, a lesser-included and a greater offense [here, sexual battery and rape, respectively] are the 'same offense' under the Fifth Amendment because the lesser offense requires no proof beyond that which is required for the conviction of the greater offense. [Cits.]" *Perkinson v. State*, 273 Ga. 491, 494 (1) (542 SE2d 92) (2001).

that the delay, which was caused by difficulty in obtaining the DNA results, was unintentional and resulted in no prejudice to Baker.

In its opinion, the majority concludes that Baker's former attorney was ineffective for failing to serve the demand on the trial court, but that Baker was not prejudiced by such failure. However, if we accept Baker's argument as true — that he should have been acquitted by operation of law — it is disingenuous to say that he was not prejudiced. In my view, the problem stems from the fact the majority analyzes the prejudice issue solely from the constitutional standpoint; namely, whether Baker was prejudiced by the *delay*. In fact, Baker's motion was largely predicated on statutory speedy trial grounds, under which he would be entitled to acquittal as a matter of law.

Nonetheless, I do agree that Baker is unable to demonstrate prejudice for another reason. It is undisputed that Baker's speedy trial demand related solely to the two misdemeanor charges, on which the trial court entered an order of nolle prosequi. Such demand is effective only as to those charges in place at the time the demand is made.[5] Thus, Baker's speedy trial demand should have no bearing on the subsequent rape indictment, as he never filed a new demand.[6]

By arguing that the rape trial is barred by double jeopardy, Baker attempts to do indirectly that which he cannot do directly — invoke a prior speedy trial demand to bar his trial on a subsequent indictment involving new charges. I do not think this should be allowed. Moreover, I do not think *Perkinson v. State*[7] requires this result.

As noted by the majority, *Perkinson* holds that "[f]or double jeopardy purposes, a lesser-included and a greater offense are the 'same offense' under the Fifth Amendment because the lesser offense requires no proof beyond that which is required for the conviction of the greater offense."[8] Under this reasoning, Baker argues that his "acquittal" for the lesser included offense of sexual battery should preclude his trial on the greater charge of rape.[9]

In *Perkinson*, however, the defendant was actually tried and convicted for felony murder. He was not acquitted as a matter of law

---

[5] See *Banks v. State*, 251 Ga. App. 421, 423-424 (1) (554 SE2d 500) (2001); *State v. Daniels*, 206 Ga. App. 443, 445 (2) (425 SE2d 366) (1992).

[6] See *Banks*, supra.

[7] 273 Ga. 491 (542 SE2d 92) (2001).

[8] Id. at 494 (1).

[9] Although the misdemeanor charges were dismissed by order of nolle prosequi, a defendant still may claim the benefits of a demand made pursuant to OCGA § 17-7-170 as to those charges. See *Bond v. State*, 212 Ga. App. 608, 609 (442 SE2d 482) (1994). Thus, having entered a speedy trial demand as to the misdemeanor sexual battery charges, Baker cannot now be tried on those offenses.

by a procedural mechanism. And *Perkinson* recognizes that exceptions apply to the rule enunciated, one of which is "[a] defendant may be retried on the greater offense after a mistrial on that count or if that conviction is reversed on appeal."[10] That exception seems analogous to the case before us because both involve termination of the prosecution on grounds other than the substantive merits. As our Supreme Court recently reiterated,

> [t]he primary purpose underlying the Double Jeopardy Clause is to prohibit the retrial of a criminal defendant where the prosecution has, at the initial trial, produced insufficient evidence to sustain a conviction. The general rule is that the retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency.[11]

Here, the purpose of double jeopardy is not served by permitting Baker to boot-strap his speedy trial demand on misdemeanor sexual battery charges to a subsequent rape indictment. That is particularly true given that the State lacked sufficient information to indict Baker for rape at the time he was accused of sexual battery.[12] For these reasons, I believe Baker's argument lacks merit, which precludes him from establishing that he was prejudiced.

DECIDED NOVEMBER 18, 2004 —
RECONSIDERATION DENIED DECEMBER 6, 2004 — 

*Elizabeth M. Grant, Vicki E. Carter*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.

---

[10] *Perkinson,* supra at 495, n. 2 (citing *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1976)).

[11] (Citation omitted.) *Nance v. State,* 274 Ga. 311 (553 SE2d 794) (2001).

[12] See OCGA § 16-1-7 (b) ("If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution.").