## A04A2338. WELDON v. THE STATE.
### (607 SE2d 175)

MILLER, Judge.

Convicted of aggravated sodomy, sexual battery, and aggravated sexual battery, David Lee Weldon moved for a new trial, which motion the trial court granted on the ground that he received ineffective assistance of counsel. Weldon then filed a plea in bar claiming that double jeopardy prevented a retrial. The trial court denied the plea, concluding that the evidence was sufficient to sustain the convictions. Weldon now appeals from that ruling. Having reviewed the record, we conclude that because the evidence was sufficient to support Weldon's convictions, the trial court did not err in denying the plea in bar.

"Double jeopardy prohibits the retrial of a criminal defendant when the evidence presented at the initial trial was not sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt." *Childress v. State*, 268 Ga. 386, 387 (1) (489 SE2d 799) (1997); see *Lackes v. State*, 274 Ga. 297, 298-299 (2) (553 SE2d 582) (2001). Therefore, we will review the record to determine whether the evidence was sufficient for a jury to find Weldon guilty beyond a

reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence showed that Weldon fondled the breasts of his then 25-year-old stepdaughter and placed his finger inside her vagina on more than one occasion. Weldon also had the victim perform oral sodomy on him on several occasions between 1997 and 2000. The victim testified that the acts were performed against her will and that she cooperated because she feared that Weldon would have put her on restriction for a week, "take[n] stuff away," or prevented her from seeing her friends. She further testified that she did not tell anyone "[b]ecause [she] was scared that [Weldon] would probably put [her] on restriction or . . . hurt [her] or something," and that she did not tell her mother because she "was scared that [Weldon] would probably hurt [her]." The victim explained that by "hurt" she meant that Weldon would place her on restriction. The victim was mildly mentally retarded, with an IQ of about 66. Her cognitive functioning was at the level of a ten-year-old, while her overall functioning was at the level of a twelve-year-old. An expert testified that someone of the victim's mental capacity would likely yield to threats which would not coerce the average adult, and that the victim was likely to defer to someone in a position of authority.

Evidence that Weldon fondled the victim's breasts and placed his finger inside the victim's vagina, both without her consent, was sufficient to sustain his convictions for sexual battery and aggravated sexual battery. See OCGA §§ 16-6-22.1 (b); 16-6-22.2 (b); see also *Johnson v. State*, 276 Ga. 57, 58 (1) (573 SE2d 362) (2002) (a finger constitutes a "foreign object" for purposes of the offense of aggravated sexual battery). Further, evidence that Weldon forced the victim, against her will, to perform oral sodomy on him suffices to sustain his conviction for aggravated sodomy. See OCGA § 16-6-2 (a). Although Weldon argues that threats to put the victim on restriction is not sufficient evidence of force, this Court has held that the term "force" also includes mental coercion such as intimidation. See *Brewster v. State*, 261 Ga. App. 795, 797 (1) (b) (584 SE2d 66) (2003). "Lack of resistance, induced by fear, is not legally cognizable consent but is force." (Citation omitted.) *Long v. State*, 241 Ga. App. 370, 371 (2) (526 SE2d 875) (1999); see *Roberts v. State*, 242 Ga. App. 621, 624 (1) (b) (530 SE2d 535) (2000) (evidence that defendant drove victim to a hotel, gave her liquor, refused to take her back to her friends, and continued his sexual advances despite her resistance, provided ample evidence of force by intimidation). Here, evidence that the victim was a mildly mentally retarded adult functioning as a 12-year-old, and that she feared being punished by Weldon if she did not cooperate with his advances, was sufficient evidence of mental coercion in the form of intimidation to satisfy the element of force for the crime of

aggravated sodomy. See *Raines v. State*, 191 Ga. App. 743, 744 (1) (382 SE2d 738) (1989) (element of force satisfied by showing of intimidation where defendant drove the victim to a secluded area and refused to take her home or to allow her to walk home unless she had sex with him and victim felt she had no other choice but to cooperate).

Since the evidence was sufficient to sustain the convictions, the trial court properly denied Weldon's plea of double jeopardy. See *Nobles v. State*, 201 Ga. App. 483, 490 (13) (411 SE2d 294) (1991).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2004 —

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, James M. Cavin, Assistant District Attorney*, for appellee.